JEROME SLECK *v.* STATE OF INDIANA

[No. 3-577A116. Filed December 1, 1977.]

*Richard L. Mayer*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

STATON, P.J. — A jury found Jerome Sleck guilty of entering to commit a felony. He was then sentenced to the Indiana Department of Corrections for a period of not less than one (1) nor more than five (5) years. In his appeal to this Court, Sleck raises the following issues:

(1) Was evidence of Sleck's prior criminal convictions properly admitted?

(2) Did the trial court err in permitting the State to recall witnesses who had remained in the courtroom despite an earlier order for a separation of witnesses?

(3) Was the verdict supported by sufficient evidence?

(4) Did the trial court err in denying Sleck's motion for a directed verdict?

(5) Did the trial court err in denying Sleck's petition to be sentenced as a drug abuser?

We affirm.

## I.

### Prior Criminal Convictions

Sleck testified during the presentation of his defense. His first contention on appeal is that the trial court erred in allowing the State to cross-examine him concerning his prior theft convictions.

A majority of our Supreme Court has held that it is not improper for the State to impeach a criminal defendant by inquiring into his prior theft convictions. *Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771. The testimony was thus properly admitted.

## II.

### Separation of Witnesses

At the beginning of the trial, Sleck moved for and was granted an order for a separation of witnesses. Two witnesses who testified during the State's case in chief remained in the courtroom following the conclusion of their testimony. Sleck objected when the prosecutor recalled those witnesses for rebuttal testimony. The prosecutor's response to the objection was that he had been unable to determine in advance whether he would need the witnesses again. Sleck contends that the trial court erred in allowing the witnesses to give rebuttal testimony.

Violation of a separation order does not mandate the granting of a mistrial or reversal. It is within the discretion of the trial court to allow a witness who has violated a separation order to testify, in the absence of any procurement or connivance by the party seeking such testimony. *Marine v. State* (1973), 158 Ind. App. 160, 301 N.E.2d 778. Clearly, the conduct of the prosecutor did not amount to procurement or connivance.[1] Sleck has not shown that the trial court abused its discretion in allowing the rebuttal testimony. Nor has Sleck shown that he was prejudiced by the testimony. The brief testimony given on rebuttal was merely a repetition of portions of the witnesses' prior testimony.

## III.

### Sufficiency of the Evidence

When the sufficiency of the evidence is raised as an issue on appeal, we will neither weigh the evidence nor resolve questions of credibility. Instead, we will consider only the evidence most favorable to the State, together with the reasonable inferences which may be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Henderson v. State* (1976), 264 Ind. 334, 343 N.E.2d 776.

---

1. However, we believe it is better practice and we heartily recommend that parties maintain and enforce separation orders following the conclusion of witnesses' testimony if there is any possibility that they will be recalled.

The evidence shows that at 4:30 a.m. on June 27, 1976, Earl Iliff heard a noise coming from inside his garage. The garage had been locked the night before. Iliff took his shotgun, went outside, looked into the window of the garage, and saw someone trying to pry the radio out of his truck. The truck also had been locked the night before. Iliff fired a shot into the air and told whoever was in the garage to come out. He positively identified Sleck as the person who came out of the garage.

Sleck maintains that the State failed to prove that he entered the garage with the intent to commit a felony. The intent to commit a felony may be inferred from the circumstances. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841. Here, the testimony concerning the tampering with the radio, together with the time and manner in which the entries into the garage and truck were made, clearly supports the inference that Sleck entered the garage with the intent to commit theft.

## IV.

### Directed Verdict

A directed verdict of acquittal is to be granted only where there is a total lack of evidence on an essential element or where the evidence is without conflict and susceptible to but one inference and that inference is in favor of the accused. *Smith v. State* (1975), 163 Ind. App. 425, 324 N.E.2d 276. In light of the above discussion concerning the sufficiency of the evidence, it is clear that the trial court did not err in denying Sleck's motion.

## V.

### Sentencing as a Drug Abuser

Sleck filed a petition to be sentenced as a drug abuser. Pursuant to IC 1971, 16-13-6.1-18 (Burns Code Ed., Supp. 1976), the trial court ordered the department of mental health to examine Sleck and report its findings. The report subsequenlty submitted by the department advised the court that Sleck was a drug abuser and probably would respond to

treatment. Sleck's final contention is that the trial court erred in denying the petition.

The aforementioned statute provides that if the court determines that the petitioner is a drug abuser and is likely to be rehabilitated through treatment, then the court *may* sentence him as a drug abuser. The decision of whether or not to sentence the petitioner as a drug abuser thus rests within the discretion of the trial court. When a decision has been committed to the trial court's discretion, that decision will be reversed only upon a showing of a manifest abuse of discretion. *Cissna v. State* (1976), 170 Ind. App. 437, 352 N.E.2d 793. Such an abuse of discretion occurs only when the trial court makes an erroneous conclusion that is clearly against logic and the natural inferences to be drawn therefrom. *Merry v. State* (1975), 166 Ind. App. 199, 335 N.E.2d 249.

Here, before denying the petition, the trial court examined the pre-sentence investigation report, the FBI report on Sleck, and a report filled out by Sleck for the department of mental health. This last report indicated that Sleck had been enrolled in a drug abuse treatment program from 1972-74, apparently to no avail.[2] We cannot say that the trial court abused its discretion in denying the petition.

Affirmed.

Hoffman, J. and Lowdermilk, J. (By designation), concur.

NOTE—Reported at 369 N.E.2d 963.

---

2.   In the same report, Sleck indicated that he had been injecting heroin daily for the last three years.