**Robert Anthony THOMPSON,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–979A243.**

Court of Appeals of Indiana,
First District.

Feb. 26, 1980.

⎯⎯577.10(9)

Daniel R. Marra, Jeffersonville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Steven J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

Defendant-appellant Robert Anthony Thompson appeals his conviction of the offense of dealing in a narcotic drug, a class B felony,[1] following a jury trial in the Clark Circuit Court, arguing that:

   I.  He was erroneously denied his right to a speedy arraignment;

  II.  The trial court erroneously denied his petition to elect treatment as a drug abuser;

 III.  The trial court erroneously denied his motion for discharge; and

 IV.  The verdict is not supported by sufficient evidence.

We affirm.

I.

Defendant contends he was denied his right to a speedy arraignment. He was arrested on December 7, 1977, and presented to the Clark Circuit Court for arraignment on December 19, at which time he requested additional time to hire counsel. Arraignment was reset for January 3, 1978, at which time defendant was arraigned. On May 22, the State filed an amended information[2] and defendant was arraigned on the new charge that same day.

The second arraignment occurred the same day the amended information was filed, and any delay in the first arraignment after December 19 was attributable to defendant's own action. Consequently, defendant must be objecting to the 12-day delay between his arrest and his December 19 presentation to the court. There is no Indiana statute or court rule which fixes a specific time within which a defendant

---

1.  Ind.Code 35–48–4–1(2) (Supp.1978).

2.  The original information charged dealing in a narcotic drug, class A felony; the amended information, dealing in a narcotic drug, class B felony. Both were filed under Ind.Code 35–48–4–1.

must be arraigned and, in the absence of such a specific provision, an appellant must show that such delay was both unreasonable and prejudicial. *Owens v. State*, (1975) 263 Ind. 487, 333 N.E.2d 745. Defendant has made no such showing, stating only his conclusion that "the delay in his arraignment . . . resulted in a denial of his right to a speedy trial, i. e., an unreasonable, prejudicial delay."

■ The allegation of error, not being supported by cogent argument or supporting authorities as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(7), presents nothing for our review. *Guardiola v. State*, (1978) Ind., 375 N.E.2d 1105.

## II.

■ Defendant has waived any error in the trial court's denial of his petition to elect treatment as a drug abuser by failing, in his one-half page argument, to present both cogent argument and supporting authority. A.R. 8.3(A)(7); *Guardiola, supra.*

## III.

■ In contending that he was denied a speedy trial under Criminal Rule 4(C), defendant has again failed to make cogent argument and to cite supporting authority under A.R. 8.3(A)(7). The record also shows that he waived any such error by agreeing on December 11, 1979, to a trial date of February 20, 1979, the date upon which his trial commenced. See *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859.

## IV.

Defendant argues the evidence was insufficient in two respects: 1) to prove the element of intent to deliver; and 2) to prove that he was dealing with a narcotic drug as opposed to merely being in possession of a controlled substance.[3]

The evidence most favorable to the verdict is as follows: A Jeffersonville police officer received information from an informant that a man named "Bob" had come to town with a large quantity of heroin for sale, that "Bob" and two other persons were at a particular restaurant, and that "Bob" had heroin in his possession. The officer proceeded to the restaurant, approached an automobile containing defendant Thompson and two other persons, and identified himself as a police officer.

Defendant exited the passenger side of the front seat of the car and pulled from his jacket pocket and threw to the ground 15 multi-colored balloons containing what later tests proved to be heroin. Found in the front seat of the car was a briefcase belonging to defendant and containing three empty balloons, a Bible containing a plastic bag of heroin, and a small bottle also containing heroin. The officer testified that both defendant and the car in which he was riding fit the descriptions given him by the informant.

Another officer testified that it was his opinion that the amount of heroin recovered was of sufficient quantity to indicate that it was for sale rather than for personal use. He further testified that no apparatus for heroin use was found and that no marks indicating heroin use were found on defendant's body.

A polygraph examiner testified that it was his opinion that defendant was not telling the truth when, during a polygraph examination, he responded negatively to the following question, *inter alia*: "In December of 1977 did you possess heroin with the intent to sell and deliver any?"

Under Ind.Code 35–48–4–1(2) (Supp. 1978), in relevant part:

"A person who:

\*   \*   \*   \*   \*   \*

(2) possesses, with intent to manufacture or deliver, a narcotic drug, pure or

---

**3.** Attempts to challenge the evidence because of its circumstantial nature and to challenge the evidence of identification fail for failure to include such challenges in his motion to correct errors. *Guardiola, supra*; Trial Rule 59(G) prior to January 1, 1980; T.R. 59(D)(1) and (2) effective January 1, 1980.

adulterated, classified in schedule I or II;

commits ⋮ . . . a Class B felony."[4]

██ The State has the burden of introducing sufficient evidence of probative value, from which evidence and the reasonable inferences therefrom the jury can find the existence of each element of the offense beyond a reasonable doubt. *Rosell v. State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

The information received by the police officer from an informant, admitted into evidence without objection, was shown to be reliable in the descriptions of the defendant and the car, defendant's name, and the time and place defendant could be found. The opinion that the quantity of heroin evidenced an intent on the part of the defendant to sell the narcotic was given by a police officer with both experience and training in the area of drug investigation. Our Supreme Court has agreed that possession of a supply of heroin beyond two capsules might raise an inference that the supply was kept for sale purposes. *Gray v. State,* (1967) 249 Ind. 629, 231 N.E.2d 793. Defendant's possession of the heroin was unaccompanied by any evidence of his personal use of the narcotic. The polygraph examination results were accompanied into evidence by an "Agreement and Stipulation of Polygraph Examination" and a "Certificate of Understanding Regarding Polygraph Examination," both signed by the defendant and his attorney and both evidencing defendant's pre-examination agreement to the admission at trial of the results. The test results confirmed the inference of intent to sell drawn from the other evidence.

██ We hold that the total weight of the evidence and the reasonable inferences drawn therefrom support a finding that, beyond a reasonable doubt, defendant possessed the heroin with an intent to deliver.

The judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.

---

**4.** A 1979 amendment to Ind.Code 35 48–4–1 is not applicable to the case at bar. For current status, see Ind.Code, 1979 Supplement.