**Kenneth W. SCHOLL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–679A161.**

Court of Appeals of Indiana, Third District.

May 22, 1980.

---

Harriette Bailey Conn, Public Defender, David P. Freund, Kurt A. Young, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Kenneth W. Scholl entered a plea of guilty, pursuant to a plea bargain agreement, to the charge of Child Molesting, a Class C felony.[1] The plea was accepted by the court and Scholl was sentenced to the Indiana Department of Correction for a period of eight years.

On appeal, he raises two issues for our consideration:

(1) Did the trial court err in denying his Petition For Election to Treatment As A Drug Abuser, pursuant to IC 1971, 16–13–6.1–16 *et seq.*?

(2) Did the trial court err in denying his Petition For Examination and Treatment As A Criminal Sexual Deviant, pursuant to IC 1971, 35–11–3.1–3 *et seq.*?

We reverse and remand with instructions.

### I.

### Drug Abuse

■ On January 8, 1979, Scholl filed a Petition for Election to Treatment as a Drug Abuser as provided for in IC 1971, 16–13–6.1–16 (Burns Code Ed., 1979 Supp.). In an affidavit in support of this petition, Scholl declared that he had not been charged with a crime of violence or one which had involved the selling of a narcotic or a dangerous drug. He also affirmed that he did not have a record of two or more prior convictions of any crimes of violence and that he was not on probation or parole. In addition, Scholl stated he had never elected treatment in a prior drug treatment program.

IC 1971, 16–13–6.1–16 provides:

"A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless:

"(1) The offense is a forcible felony or burglary classified as a class A or class B felony;

"(2) The offense is that of delivering a controlled substance;

"(3) The defendant has a record which includes two [2] or more prior convictions for forcible felonies or a burglary classified as a class A or class B felony;

"(4) Other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant;

"(5) The defendant is on probation or parole and the appropriate parole or probation authority does not consent to that request; or

"(6) The defendant was admitted to a treatment program under section 17 [16–13-6.1-17] or 18 [16–13–6.1–18] of this chapter on two [2] prior occasions within the preceding two [2] year period."

In view of this criteria, Scholl was clearly eligible to request treatment as a drug abuser. He petitioned the court after entering his plea of guilty and before his sentencing.

On appeal, Scholl argues that the trial court committed reversible error when it refused to commit him to the Department of Mental Health for an evaluation. He contends that once an individual elects to undergo treatment, the court is required to order the department to conduct an examination of the individual to determine if he is a drug abuser and if he is likely to be rehabilitated through treatment.

■ Scholl relies upon a series of cases interpreting IC 1971, 16–13–7.5–18:[2]

---

1. IC 1971, 35–42–4–3(b).

2. This section has been repealed and replaced by IC 1971, 16–13–6.1–18(b) (Burns Code Ed., 1979 Supp.). An amendment of this section

makes the ordering of such an examination a discretionary, rather than a mandatory, act on the part of the court. We, however, must apply the law at the time of the commission of the offense, IC 1971, 16-13–7.5–18.

"If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment. . . ."

This section mandates that if the petitioner is an eligible drug abuser and wishes to elect treatment, it is error for the court to fail to order him examined by the Department of Mental Health. *See Glenn v. State.* (1975), 163 Ind.App. 119, 322 N.E.2d 106; *Reas v. State* (1975), 163 Ind.App. 316, 323 N.E.2d 274.

■ Prior to its denial of Scholl's petition, the court had requested two psychiatrists from The Oaklawn Community Mental Health Center to evaluate Scholl in terms of his drug dependency, his sexual deviancy and his competency to stand trial. We note that The Oaklawn Center has been designated by the Department of Mental Health to act as an examining agent for those persons requesting evaluations for drug abuse treatment. Despite the fact that the trial court did not formally commit Scholl to the Department of Mental Health for examination, the requisite evaluations from The Oaklawn Center were before the court nonetheless. The court's action, in this matter, was not an abuse of discretion as it was within the scope of IC 1971, 16-13–7.5–18 (now repealed.).

■ IC 1971, 16–13–7.5–18 (now repealed) provides that if the court, acting on the report and other information coming to its attention, determines that the drug abuser is not likely to be rehabilitated through treatment, the court shall proceed to sentence as in other cases. This decision, resting within the discretion of the court, may be reversed only when it is clearly against the logic and the natural inferences to be drawn therefrom. *Sleck v. State.* (1977), Ind.App., 369 N.E.2d 963.

■ In its Memorandum, the court stated that, despite the expertise and recommendations of the examining psychiatrists, "in the opinion of this court the defendant is not rehabilitatable through treatment." There is no evidence that Scholl has been enrolled in a previous drug abuse program, as had the defendant in *Sleck, supra,* whose petition was denied upon this basis. *See also Walker v. State* (1977), Ind.App., 363 N.E.2d 1026. Neither was there any evidence that the defendant might have been better rehabilitated through psychopathic, as opposed to drug abuse treatment, as in *Easley v. State* (1975), 166 Ind.App. 316, 335 N.E.2d 838. In fact, there seems to be a scant basis for the court's denial of Scholl's Petition for Election to Treatment as a Drug Abuser. In its Memorandum, it explained:

"This Court did determine that the defendant is a drug abuser but in the opinion of this court the defendant is not rehabilitatable through treatment. Granting the expertise of the examining psychiatrists the Court is nevertheless aware of numerous publication[s] and articles and learned treatise[s], the sum and substance of which is that the percentage of individuals who are either alcohol or drug abusers or cross addicted that can be rehabilitated are minimal. . . ."

We are in complete agreement with the proposition that this determination is within the court's discretion. While it has wide discretion in these matters, the court does lack medical expertise and the power to re-direct legislative policy. All of the court-appointed experts recommended to the court that it commit Scholl to some type of treatment program; there were no conflicting recommendations. In reviewing the record, we conclude that the court's stated reason for the denial of Scholl's petition was inadequate and not in line with the legislative intent of the Indiana Drug Act. We, therefore, remand this cause to the trial court and instruct it to adequately set forth reasons for its denial of Scholl's petition.

## II.

### Sexual Deviancy

■ Scholl contends that the trial court erred when it denied his Petition for

Examination and Treatment as a Criminal Sexual Deviant, pursuant to IC 1971, 35-11-3.1-3 *et seq.* (Now repealed.).[3] We agree.

When such a petition is filed, the procedure to be followed by the sentencing court provides:

> IC 1971, 35-11-3.1-4. "Appointment of physicians for examination of alleged deviant.—Upon the filing of such a petition, the court shall appoint not less than two [2] nor more than three [3] physicians to conduct a personal examination of the alleged sexual deviant."

> \*    \*    \*    \*    \*    \*

> IC 1971, 35-11-3.1-6. "Pre-examination investigation—Report.—Before examination by the appointed physicians, the court shall require its probation officer to investigate the circumstances surrounding the crime of which the alleged criminal sexual deviant was convicted, and the prior record and history of the person and to report to the court within a specified time. The court shall then transmit a copy of this report and a copy of the trial transcript along with the petition for examination to the examining physicians."

> \*    \*    \*    \*    \*    \*

> IC 1971, 35-11-3.1-7. "Right to counsel during examination.—The alleged criminal sexual deviant shall be entitled to counsel during his examination by the court-appointed physicians."

> \*    \*    \*    \*    \*    \*

> IC 1971, 35-11-3.1-8. "Physician's report—Inspection by alleged deviant and counsel.—The physicians shall file with the court a written report of the results of their examination together with their conclusions. Such reports shall be open to inspection by the alleged criminal sexual deviant and his legal counsel."

> \*    \*    \*    \*    \*    \*

> IC 1971, 35-11-3.1-10. "Concurrence of two physicians on probable sexual devian-

cy—Hearing.—If two [2] of the examining physicians conclude in their report that the person examined is a probable criminal sexual deviant and the reports are found to be in legal form, the court shall set a time for a hearing to determine the probability of sexual deviancy."

Scholl filed his petition in a timely fashion, after his conviction and before the sentencing. *See* IC 1971, 35-11-3.1-3. The crime of which he has been convicted is not among those which are excluded by this chapter. *See* IC 1971, 35-11-3.1-2. At this point, the court's denial of such a petition is not discretionary. It must appoint the requisite physicians for examination of the alleged sexual deviant and follow the procedures set forth by IC 1971, 35-11-3.1-4 *et seq.*

Our Supreme Court in *Berwanger v. State* (1974), 262 Ind. 339, 315 N.E.2d 704, 706, said:

> "In light of the statutory function performed by the diagnostic reports of the examining physicians in cases wherein the defendant initiates the proceeding, as here,  .  .  . The statutory schedule should be adhered to. These medical reports, when first received by the trial court do not perform merely as evidence or advice to the court at a future deviancy hearing. They are determinative of whether or not the trial court must hold a formal hearing in court to establish whether the defendant is probably a criminal sexual deviant.  .  .  ."

> \*    \*    \*    \*    \*    \*

"In recognition of the important function of these medical decisions the Legislature expressly provided that they should be the product of a personal examination. It also has provided that the ultimate decision of the medical examiner should be made with the trial transcript (if a trial was had) and a Probation Department report in hand.  .  .  . The Legislature took the further step of granting the examinee the right to the presence of

---

**3.** Scholl filed his Petition for Examination and Treatment As A Criminal Sexual Deviant on January 8, 1979.

counsel at the examination. . . ."
(Citations omitted.).

The presence of the trial transcript, the report of the Probation Department and the right to counsel during this examination are essential to a valid medical report. Therefore, we must remand this cause to the trial court with instructions to follow the statutory procedures. Scholl's conviction is not affected by this petition and the judgment of the trial court is otherwise affirmed.

Reversed and remanded with instructions.

GARRARD, P. J., and HOFFMAN, J., concur.