Thomas MOGLE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4-983A313.

Court of Appeals of Indiana, Fourth District.

Dec. 6, 1984.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

A jury convicted Thomas Mogle of two offenses stemming from his arrest for drunken driving: 1) operating a motor vehicle after being adjudged an habitual traffic offender (IND.CODE 9-4-13-14 (Supp. 1980), Class D felony) and 2) driving while intoxicated, enhanced with previous conviction (IND.CODE 9-4-1-54(b)(1) (Supp. 1980), Class D felony).[1] Because the State's case rested heavily, if not entirely, on certified records of Mogle's prior convictions, Mogle attacks their validity in his effort to have his convictions reversed for insufficiency of the evidence. He additionally charges the trial court abused its discretion in denying his request for treatment as an alcoholic in lieu of imprisonment. We must uphold Mogle's challenge to his conviction for operating after being adjudged an habitual traffic offender because the State failed to present a properly certified court record showing Mogle's habitual traffic offender status and reverse on the insufficiency of the evidence. On the other hand, his enhanced drunken driving conviction was supported by documentary evidence and should be affirmed.

### ISSUES

1. Was the jury verdict finding Mogle guilty of operating a motor vehicle after being adjudged an habitual traffic offender supported by sufficient evidence?

2. During the hearing to establish Mogle's prior drunken driving conviction, did the trial court err in admitting records of the Bureau of Motor Vehicles and of courts?

3. Did the trial court err in denying Mogle's request for alternative sentencing as an alcoholic?

### FACTS

On October 22, 1980, Deputy William Schermerhorn of the Elkhart County Sheriff's Department clocked the speed of Mogle's truck at 79 m.p.h. in a 55 m.p.h. zone. After pursuing and halting the truck, Schermerhorn detected a strong odor of alcoholic beverages when he was within three to five feet from the truck and, after Mogle himself alighted, observed in him what Schermerhorn deduced to be alcohol-induced behavior and mannerisms. On the

---

**1.** Mogle received a four-year sentence on each count, to be served concurrently.

basis of these events (generalized herein for purposes of brevity), the jury convicted Mogle of driving while intoxicated. On appeal, Mogle does not dispute this particular conviction. His challenges instead go to the viability of the jury's verdicts on the habitual traffic offender count and on the enhancement phase of the driving while intoxicated count.

At trial, in order to sustain its burden of proof in the charge of operating a motor vehicle after being adjudicated an habitual traffic offender, the State questioned Deputy Schermerhorn with regard to Mogle's driving status. Schermerhorn testified he had received a computer print-out from the Bureau of Motor Vehicles, which indicated Mogle's driver's license had been suspended at the time in question because he was an habitual traffic offender. The print-out was never introduced into evidence; thus, Schermerhorn's testimony was parol evidence. Later during its case-in-chief, the State entered into evidence a certified copy of a judgment in Elkhart Circuit Court against a Thomas E. Mogle upon the charge of being an habitual traffic offender. Neither the docket entry nor the judgment itself exhibited any particular characteristics of the Thomas E. Mogle appealing here. The trial court, in so admitting this evidence, overruled Mogle's objection to the document as being introduced "without a sponsor for the document." Record, p. 341. No further attempt was made to tie

Mogle to the disputed document. At the conclusion of Schermerhorn's testimony, both the State and defense rested. The jury returned with two guilty verdicts: driving while intoxicated and operating a motor vehicle while an habitual traffic offender.

Immediately after these two verdicts were returned, the trial proceeded to its bifurcated phase for the determination of elevating Mogle's driving while intoxicated verdict from a class A misdemeanor to a Class D felony. In so doing, the State again called Schermerhorn to the stand and asked him to identify three exhibits. Exhibit 5 is a certified copy of a computer-printed driving record from the Bureau of Motor Vehicles (BMV), and Schermerhorn identified Mogle's driver's license number (S314–52–0833) and his date of birth (Aug. 6, 1950) thereon. Mogle objected, alleging the exhibit was hearsay and that there was no testimonial sponsor, thereby denying Mogle his rights to cross-examination and to confrontation. The trial court admitted Exhibit 5. Exhibit 6, also admitted over objection there was no testimonial sponsor, is a copy of a plea bargain in Elkhart City Court Cause No. 1506 wherein "Tom Mogle" pleaded guilty on May 22, 1980, to the offense of driving under the influence. Cause No. 1506 appears on Exhibit 5, the BMV's print-out, under the following notation:

| "DATE OF ACTION | POINTS | DESCRIPTION OF ACTION | COURT NO. TERMINATION | DOCKET NO. CASE NO. | DOCUMENT REFERENCE NUMBER |
|---|---|---|---|---|---|
| | | | * * * * | | |
| 05/22/80 | MS | DWI–Liquor | 200131 | 1506 | U805131" |

Record, p. 397. Exhibit 7, to which Mogle again objected as being without a sponsor and was overruled, was a certified copy of an Elkhart County Court docket sheet, GC78–10508, indicating Thomas E. Mogle

pleaded guilty on February 12, 1979, to a charge of driving under the influence. Additionally, Mogle's driver's license number, S314–52–0833, is noted in the margin. The parallel documentation on Exhibit 5 is:

| "02/12/79 | MS | DWI–Liquor | 202001 | 10508 | U355309" |
|---|---|---|---|---|---|

Record, p. 397. The jury found Mogle guilty of the class D felony of driving while intoxicated after having been previously convicted of driving while intoxicated.

## DECISION

*Habitual Traffic Offender Verdict*

Mogle's attack upon his conviction for operating a motor vehicle after having been adjudicated an habitual traffic offender centers upon the alleged inadmissibility of the copy of a judgment against a Thomas E. Mogle, finding him an habitual traffic offender. He argues that, being inadmissible, this document must be deleted from the evidence, thereby leaving in its absence insufficient evidence for the jury to have convicted him. We agree there was insufficient evidence to support his conviction but not because the document was inadmissible.

 Mogle's objection to this evidence was as follows:

"MR. CARUSILLO: Yes, Your Honor, we would object on the basis that mere admission of a document without a sponsor for the document denies the defendant the right to confront and cross-examine his accusers with regards to that charge."

Record, p. 341. We are not entirely clear as to what legal principle Mogle's objection alludes. We presume he objected to the evidence on the basis of the hearsay rule because "[t]he basic reasons [sic] for the hearsay rule is the lack of opportunity to cross-examine the person who has personal knowledge of the events at issue." *Skaggs v. State*, (1966) 247 Ind. 639, 643, 220 N.E.2d 528, 530. However, on appeal, Mogle argues the copy of the judgment was inadmissible on the basis of relevancy— that there was no established connection between him and the judgment against

some unidentified Thomas E. Mogle, who was adjudicated an habitual traffic offender. Mogle has waived the issue: "When a specific objection to the admissibility of evidence is made at trial[,] any other possible objections are waived." *Morgan v. State*, (1981) Ind.App., 427 N.E.2d 1131, 1133. Regardless, the judgment and docket sheet of the traffic offender conviction are accompanied by a signed and sealed clerk's certificate from the appropriate court as well as judge's certification of the clerk's custody of the records. They thus conform to the requirements for proof of an official record in Ind.Rules of Procedure, Trial Rule 44(A)(1),[2] as an exception to the hearsay rule. *Gross v. State*, (1983) Ind., 444 N.E.2d 296; *Bray v. State*, (1982) Ind., 443 N.E.2d 310. We must go further, however, because Mogle has attacked the verdict as contrary to law and because it is clear to us that, even with the properly admitted documentary evidence, the State did not set forth sufficient evidence.

 The jury convicted Mogle under I.C. 9-4-13-14 (Supp.1980):

"A person found to be an habitual traffic offender who operates a motor vehicle while the order of the court prohibiting operation remains in effect commits a Class D felony."

One of the elements of this offense is obviously establishing the fact that Mogle was an habitual traffic offender. We grant to the State the truth of Officer Schermerhorn's testimony that he discovered Mogle was an habitual traffic offender because it is up to the trier of fact to assess the credibility of the witnesses appearing before it. However, parol evidence alone is not sufficient to show prior convictions. Court records must be produced unless the State can prove they are unavailable. *Morgan v. State*, (1982) Ind., 440 N.E.2d 1087.[3]

---

2. T.R. 44 is made applicable to criminal trials by Ind.Rules of Procedure, Criminal Rule 21. *Eldridge v. State*, 266 Ind. 134, 361 N.E.2d 155, *cert. denied* (1977) 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287.

3. In *Morgan v. State*, (1982) Ind., 440 N.E.2d 1087, our supreme court reversed the enhance-

ment of a sentence under our habitual offender statute. In that case, the defendant's habitual offender status was proven solely on the oral testimony of the prosecutor and the assigned defense counsel, who were associated with the earlier felony trials and convictions. The su-

The State properly brought forth court records showing that a Thomas E. Mogle had been found an habitual traffic offender, but it made absolutely no attempt to connect this record with the defendant here. "A mere document, relating to a conviction of one with the same name as the defendant [is] insufficient." *Duncan v. State*, (1980) 274 Ind. 144, 409 N.E.2d 597, 601. In the absence of any other evidence that Mogle was indeed an habitual traffic offender, the failure to connect him with the documents here is fatal to the State's burden of providing the jury with sufficient evidence of probative value to establish every element of the offense, even if inferentially. *See, e.g., Thompson v. State*, (1980) Ind.App., 400 N.E.2d 1151. Mogle's conviction for operating a motor vehicle while an habitual traffic offender must therefore be vacated.

*Driving While Intoxicated, Second Offense*

Mogle challenges his other conviction, driving while intoxicated with a previous conviction, on similar grounds to those argued above: he asserts three exhibits were improperly admitted, and if they are stricken from the record, insufficient evidence remains to support the jury's verdict. We agree that one exhibit was improperly admitted, but the remaining two documents adequately prove Mogle guilty of the offense charged.

■ All three exhibits were again objected to upon the grounds of hearsay, more specifically, that they had no testimonial sponsor. Exhibit 5 was a BMV computer print-out of Mogle's driving record, certified with a seal by the Commissioner of the BMV. This document was properly admitted as an exception to the hearsay rule. *See Warner v. State*, (1980) Ind. App., 406 N.E.2d 971. Exhibits 6 and 7 are both court records of convictions with certificates of the respective court clerks involved. Exhibit 7 was properly certified in accordance with T.R. 44(A)(1) and was, therefore, properly admitted. However, the certification for Exhibit 6 suffers from two defects: (1) the certificate is not signed by the court clerk; (2) it is attached atop the two court records yet asserts that it certifies the "above and foregoing." Such certification is a nullity, and Exhibit 6 was improperly admitted into evidence. *See Eldridge v. State*, 266 Ind. 134, 361 N.E.2d 155, *cert. denied* (1977) 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. Despite this error, Exhibits 5 and 7 were sufficient to establish the instant offense.

Mogle was convicted under I.C. 9–4–1–54(b)(1) (Supp.1980), which defines the offense as follows:

"A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if the person convicted has a previous conviction under this section."

Mogle does not, in any way, disparage the initial conviction of driving while intoxicated. His sole argument instead is against the bifurcated proceedings, which found him to have previously been convicted of driving while intoxicated, thereby elevating the offense to a Class D felony. The State adequately established this fact by introducing the BMV's print-out and having Schermerhorn testify Mogle's driver's li-

---

preme court concluded that court records must be put into evidence to prove prior convictions: "The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction in a criminal trial upon parol evidence alone from witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject. We, therefore, hold that parol evi-

dence standing alone is insufficient evidence of the fact of prior convictions in the absence of a showing of the unavailability of the proper certified records. Here, no such records were introduced, and there was no indication that the State was unable to produce them. The additional thirty year term imposed under Ind.Code § 35–50–2–8 cannot stand on the evidence submitted, and defendant's conviction on that charge must be reversed." *Id.* at 1090–91.

cense number and birthdate were thereon. We agree with Mogle this exhibit alone only ambiguously identifies prior offenses of driving while intoxicated. Thus, the print-out alone would not have been sufficient. *See Warner v. State, supra*, 406 N.E.2d 971. The State went further, though, and introduced Exhibit 7, a copy of a docket sheet showing Mogle's conviction in 1979, for driving under the influence. This record corresponds thrice with the print-out (already connected to Mogle) by including a marginal notation of the same driver's license number (S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), the same date of an offense on the print-out (February 12, 1979), and the same docket number associated with that date (10508). The State made an adequate connection between the BMV records and those of the court to warrant upholding this particular conviction as being sufficiently supported. *See Cunningham v. State*, (1982) Ind.App., 438 N.E.2d 308.

### Alternative Sentencing

Mogle requested he receive treatment for alcoholism alternatively to being imprisoned, pursuant to IND.CODE 16-13-6.1-16 and IND.CODE 16-13-6.1-18. The trial court refused. We find no error in its decision.

 A trial court will only be reversed for a denial of a request under I.C. 16-13-6.1-18 if it abused its discretion. *See, e.g., Sleck v. State*, (1977) 175 Ind.App. 22, 369 N.E.2d 963. In the case here, the trial court declared at the sentencing hearing:

"THE COURT: I see. Well, it appears to me from reviewing Mr. Mogle's record, that he would not be eligible for probation in any event and for that reason, I will deny the request for treatment in lieu of imprisonment...."

---

4. IND.CODE 16-13-6.1-16 states:
 "A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless:

Record, pp. 412-13. The court's authority for so ruling is derived from a provision in I.C. 16-13-6.1-18(b):

"The court *may* deny the request if after conducting a presentence investigation it finds he would not qualify under criteria of the court to be released on probation if convicted." (Emphasis added.)

In this case, Mogle's presentence report indicates numerous arrests and convictions. Particularly important here is a prior felony conviction in 1972, for Theft from Person for which Mogle received a sentence of one to ten years. (IND.CODE 35-17-5-3 (Burns 1975), 35-1-1-1 (Burns 1975) (definition of "felony")). As a result, the trial court found him ineligible for probation on the instant class D felony, evidently because of the applicable provisions in IND. CODE 35-50-2-2(a)(3) (1982):

"(a) The court may suspend any part of a sentence for a felony unless:

 \* \* \* \* \* \*

(3) the crime committed was a Class D felony and less than five (5) years have elapsed between the date the person was discharged from probation, imprisonment or parole (whichever is later) for a prior unrelated felony conviction and the date he committed the Class D felony for which he is being sentenced...."

On this basis, we see no abuse of discretion in the trial court's action because ineligibility for probation precludes sentencing alternatives. *See Williams v. State*, (1981) Ind. App., 427 N.E.2d 708.

 Mogle acknowledges the law, case and statutory, supporting this decision but argues our interpretation of the statutes should be changed. He argues that I.C. 35-50-2-2(a), regarding nonsuspendible offenses, should not apply because I.C. 16-13-6.1-16 contains an exclusive list of offenses barring an alcoholic from treatment.[4] However, a close reading of I.C.

(1) the offense is a forcible felony or burglary classified as a Class A or Class B felony;
(2) the offense is that of delivering a controlled substance;
(3) the defendant has a record which includes two (2) or more prior convictions for

16–13–6.1–16 governs who may initially request treatment. The listed offenses are threshold requirements governing the propriety of a *request* for treatment, not a *denial* thereof as governed, in this case, by I.C. 16–13–6.1–18. Mogle's argument is thus without merit. In the absence of any argument that I.C. 35–50–2–2(a)(3) does not apply, we see no error in sentencing.[5]

As a result of the foregoing, we vacate the habitual traffic offender conviction, and affirm the other, for driving while intoxicated (second offense).

YOUNG, J., concurs.

CONOVER, J., dissents with separate opinion.

CONOVER, Judge, dissenting.

I concur with the majority's determination Mogle was properly convicted of second offense drunk driving, but respectfully dissent from its finding the evidence was insufficient to sustain his conviction for operating a motor vehicle after being adjudged an habitual traffic offender.

This is not a case in which parol testimony alone connected Mogle with the prior habitual offender conviction as in *Morgan v. State*, (1982) Ind., 440 N.E.2d 1087, nor one where court records alone were used to make the connection, as in *Duncan v. State*, (1980) 274 Ind. 144, 409 N.E.2d 597, 601. Here we have both oral testimony and the court record.

The oral testimony established the Mogle officer Schermerhorn arrested that evening previously had been convicted of being an habitual traffic offender because at the scene, Schermerhorn requested a computer printout of Mogle's driving record from the bureau of motor vehicles via the Elkhart County Sheriff's police radio dispatcher. Thus Mogle's record was isolated from any others because Schermerhorn identified him by his

(1) name,

(2) date of birth, and

(3) operator's license number.

The bureau of motor vehicle's return that evening indicated Mogle's status was "questionable suspended." Schermerhorn then requested and received a certified copy of Mogle's driving record. It revealed Mogle was suspended, he was an habitual traffic offender. State's exhibit no. 1, the officer's report, further shows Mogle's name as "Thomas E. Mogle," of South Bend. The name of the defendant in the Elkhart Circuit Court action was identical to the defendant's name in the present action, and he came from an adjoining county.

From the totality of this oral testimony and documentary evidence, I believe the jury could reasonably infer the Mogle before it was the same Mogle who had been convicted of the habitual offender offense in the same court four years before the present action began.

On review, we need not find the evidence at trial overcame every reasonable hypothesis of innocence, *cf. Choate v. State*, (1984) Ind., 462 N.E.2d 1037, 1047. Rather, we reverse only where the jury's conclusion defendant was guilty beyond a reasonable doubt could not reasonably have been drawn, *cf. Turner v. State*, (1981) Ind., 428 N.E.2d 1244, 1247.

I would also affirm Mogle's conviction for operating a motor vehicle after being adjudged an habitual traffic offender.

forcible felonies or a burglary classified as a Class A or Class B felony;

(4) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant;

(5) the defendant is on probation or parole and the appropriate parole or probation authority does not consent to that request; or

(6) the defendant was admitted to a treatment program under section 17 or 18 of this chapter on two (2) prior occasions within the preceding two (2) year period.

An eligible drug abuser or alcoholic may not be admitted to a treatment program, however, unless the authorities concerned consent as set forth in this chapter."

5. The record is not clear as to the applicability of IND.CODE 35–50–2–2(a)(3) to Mogle's case, but we assume that he was not discharged from probation, imprisonment or parole from his 1972 felony conviction more than five years prior to this October, 1980 offense.