**Danny W. FULLEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 47A01–8607–CR–197.**

Court of Appeals of Indiana, First District.

March 26, 1987.

Douglas C. Leatherbury, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Danny W. Fullen (Fullen) appeals the denial of his request for treatment for alcoholism as an alternative to imprisonment.

We affirm.

Fullen pled guilty to the offenses of driving while intoxicated[1] and driving after having been found an habitual traffic offender[2], class D felonies charged by information under Cause No. 85 CL 214 on May 9, 1985. In exchange for his plea, the State agreed to dismiss similar charges of driving while intoxicated, and suspended, Cause No. 85 CL 747, the offenses alleged to have occurred on November 30, 1985, while Fullen was out on bond on the earlier charges. The State also agreed to dismiss a third count in Cause No. 85 CL 214 of being an habitual substance offender.[3]

No agreement was reached between Fullen and the State with respect to sentencing. While Fullen requested a full psychological evaluation by the Department of Corrections Reception and Diagnostic Center at the time the court accepted his guilty plea, it was not until the day before sentencing that Fullen filed a request for alternative treatment in lieu of imprisonment pursuant to IND. CODE 16–13–6.1–16 and 17. This request was denied; the court imposed a sentence of four years on each count, to be served consecutively.

On appeal, Fullen argues that it was an abuse of discretion for the court not to order an evaluation by the Department of Mental Health because the court had reason to believe that Fullen was an eligible alcoholic. Our case law establishes that Fullen was ineligible for treatment as an alcoholic. Moreover, a review of Fullen's history as a substance abuser supports the conclusion that the trial court properly exercised its discretion in denying Fullen's request. Consequently, we find no error.

As an initial matter, Fullen's reliance upon I.C. 16–13–6.1–17 is misplaced. I.C. 16–13.6–1–17 empowers the trial court to defer prosecution for the substantive offense while the defendant receives substance abuse treatment. *Munger v. State* (1981), Ind.App., 420 N.E.2d 1380, 1383–1384. While Fullen expressed his intent to seek treatment as an alcoholic before he changed his plea, it is evident from the circumstances that Fullen was contemplating treatment in lieu of sentencing rather than prosecution.

Fullen did not formally request treatment until the cause had proceeded to sentencing. He indicated to the court at the change of plea hearing that he would agree to plead guilty to the charges in Cause No. 85 CL 214 in exchange for dismissal of the habitual substance offender charge and the charges emanating from the November 30, 1985 incident. Had Fullen not pled guilty, he would have been ineligible for treatment, since I.C. 16–13–6.1–16(4) precludes an alcoholic from requesting treatment if "other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant."[4] Thus, Fullen's only means of acquiring treatment for his alcoholism was by way of I.C. 16–13–6.1–18 which involves ordering substance abuse treatment *after* conviction. *Munger*, 420 N.E.2d at 1384.

Under I.C. 16–13–6.1–18, probation is a prerequisite to treatment. *Mogle v. State* (1984), Ind.App., 471 N.E.2d 1146; *Williams v. State* (1981), Ind.App., 427

1. IND. CODE 9–11–2–2 & 3

2. IND. CODE 9–12–3–1

3. IND. CODE 35–50–2–10

4. The charging informations stemming from the November 30, 1985 incident have not been made a part of the record. The record indicates however, that Fullen was again charged with driving while suspended, I.C. 9–12–3–1, which is a class D felony.

N.E.2d 708. Since an applicant cannot simultaneously be on probation and be serving an executed sentence, he is eligible for the treatment contemplated by I.C. 16–13–6.1–18 only if the execution of his sentence may be suspended. *Thurman v. State* (1974) 162 Ind.App. 576, 320 N.E.2d 795, 797. I.C. 16–13–6.1–16 is hence not the exclusive bar to a request for treatment in lieu of imprisonment. Ineligibility for probation also precludes sentencing alternatives. *Mogle*, 471 N.E.2d at 1146.

In Indiana, a sentencing court's ability to suspend a sentence is governed exclusively by statute. *Thurman*, 320 N.E.2d at 797. I.C. 35–50–2–2(3) prohibits suspension where:

> [t]he crime committed was a class D felony and less than three (3) years have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for a prior unrelated felony conviction and the date he committed the class D felony for which he is being sentenced.

The Pre-sentence Report indicates that Fullen was convicted of driving while intoxicated on June 7, 1983 and July 23, 1984, and driving while suspended on July 23, 1984. He was sentenced to two years at the Indiana Department of Correction with one year suspended on each of the driving while intoxicated convictions. Though the record does not explicitly show that judgments of conviction as class D felonies were entered on these offenses, the State argues that these offenses must have been charged as felonies since they were sentenced as felonies.[5]

Fullen does not dispute the State's assertion of prior felony convictions within the time period specified by statute. To the contrary, he affirmatively states that he was convicted of felonies on February 16, 1984 and January 4, 1986 in his request for treatment. Under these circumstances, in the absence of an argument that I.C. 35–50–2–2(a)(3) does not apply, we must conclude that Fullen was ineligible for probation, and therefore ineligible for treatment in lieu of imprisonment. *See Mogle v. State*, 471 N.E.2d 1146.

■ Finally, even if Fuller had been eligible for treatment, the court could still, in the exercise of its discretion, decline to grant Fullen's request for treatment in lieu of imprisonment. I.C. 16–13–6.1–18(b) provides in part:

> [i]f the individual requests to undergo treatment …, the court may order an examination by the department to determine whether he is a drug abuser or alcoholic and is likely to be rehabilitated through treatment. The court may deny the request if after conducting a presentence investigation it finds he would not qualify under criteria of the court to be released on probation if convicted…. If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser or alcoholic, or that he is not likely to be rehabilitated through treatment, the court shall sentence the individual as in other cases….

This section plainly makes the ordering of an examination by the Department of Mental Health a discretionary rather than a mandatory act. *Scholl v. State* (1980), Ind. App., 404 N.E.2d 1154, 1156.

Though an evaluation of Fullen had not been conducted by the Department of Mental Health, as in *Scholl, id.* and *George v. State* (1980), 273 Ind. 271, 403 N.E.2d 339 the court did have before it a favorable appraisal of Fullen's prospects for rehabilitation. It also had a presentence investigation to consider, indicating at least twenty-one alcohol related arrests over a ten-year period; two alcohol related automobile accidents involving injury to Fullen and property; and, probation, "creative local incarceration", and abuse programs such as Alcoholics Anonymous and inpatient therapy at Madison State Hospital. Fullen's arrest for driving while intoxicated and suspended, while out on bond on identical charges and only a few days before his scheduled

---

5. I.C. 35–50–3–2 provides that a person who commits a class A misdemeanor may not be imprisoned for a fixed term of more than one year. Additionally, the State points out that the presumptive sentence for a class D felony is a term of two years. I.C. 35–50–2–7(a).

trial, and the circumstances of the pending charges—Fullen was found intoxicated and asleep, his foot on the brake of a running vehicle—were additional factors to be weighed by the trial court. Given these conditions, we cannot conclude that the trial court's refusal to order an examination was a conclusion which is "against logic and the natural inferences to be drawn therefrom" amounting to a manifest abuse of discretion. *Sleck v. State* (1977), 175 Ind.App. 22, 369 N.E.2d 963, 965; *see generally, George v. State,* 403 N.E.2d 339.

Judgment affirmed.

SHIELDS, P.J., and NEAL, J., concur.