**Steven R. PIERCE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 43A04–0002–CR–53.**

Court of Appeals of Indiana.

Nov. 14, 2000.

Transfer Denied Jan. 17, 2001.

Mark C. Sherer, Lemon, Armey, Hearn & Leininger, Warsaw, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

MATTINGLY, Judge

Steven R. Pierce challenges the sufficiency of the evidence used to convict him of operating a motor vehicle as an habitual traffic violator after his driving privileges had been suspended for life,[1] a Class C felony. Specifically, Pierce asserts the State failed to prove the lifetime suspension element of the charge. We find Pierce failed to rebut the State's *prima facie* evidence of his lifetime suspension and therefore affirm.

### FACTS AND PROCEDURAL HISTORY

On April 3, 1999, Pierce was operating a motor vehicle eastbound on U.S. 30 in Kosciusko County. Indiana State Trooper Alan Lehman was patrolling U.S. 30 in the westbound lane and determined, visually and by radar, that Pierce's speed was above the posted 55 m .p.h. speed limit.

When Pierce was unable to produce a driver's license, Trooper Lehman requested his name, date of birth, and social security number, all of which Pierce provided. Trooper Lehman then radioed the Bremen State Police Post with that information, and was told Pierce was an habitual traffic violator for life. Pierce was then arrested and charged with operating a motor vehicle while privileges are forfeited for life, a Class C felony.

### STANDARD OF REVIEW

When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816,

---

1. Ind.Code § 9–30–10–17.

817 (Ind.1995). We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

## DISCUSSION AND DECISION

Indiana Code Section 9–30–10–17 provides that "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter ... commits a Class C felony." As evidence that Pierce's driving privileges had been forfeited for life when Trooper Lehman stopped him, the State introduced Pierce's redacted Bureau of Motor Vehicles (BMV) driving record and also elicited testimony from Trooper Lehman with respect to Pierce's identification. The BMV record reflected that Pierce had been convicted on September 16, 1997 of being an habitual traffic offender, and his license had been suspended for life. Trooper Lehman testified that when he stopped Pierce, he asked Pierce for his name, date of birth and social security number. The name, date of birth, and social security number Pierce provided were the same as those set forth in the BMV record.

Pierce contends that "additional proof, beyond a notation on the Defendant's certified driving record, is necessary in order to adequately prove the element of a valid lifetime drivers suspension and sustain a conviction." (Brief of Appellant at 5.) He suggests the State must also introduce into evidence a copy of the prior conviction or similar records in order to prove Pierce's knowledge of his prior conviction and lifetime suspension. We disagree.

■ Indiana Code Section 9–30–3–15 states:

> In a proceeding, prosecution, or hearing where the prosecuting attorney must prove that the defendant had a prior conviction for an offense under this title, the relevant portions of a certified computer printout made from the records of the bureau are admissible as prima facie evidence of the prior conviction. However, the prosecuting attorney must establish that the document identifies the defendant by the defendant's driving license number or by any other identification method utilized by the bureau.

Under the plain language of this statute, Pierce's properly admitted BMV record showing a prior conviction of being an habitual traffic violator and the lifetime suspension of his driving privileges was sufficient, absent rebuttal evidence from Pierce, to support Pierce's conviction. The elements of the statute under which Pierce was convicted—that the defendant operated a motor vehicle and that the defendant's driving privileges had been forfeited for life—were proven by the driving record and Trooper Lehman's testimony.

To require, as Pierce urges, that the State introduce additional evidence [2] of Pierce's prior conviction would make Indiana Code Section 9–30–3–15 a nullity. This we will not do.

---

2. Pierce cites to *Mogle v. State,* 471 N.E.2d 1146 (Ind.Ct.App.1984) as authority for his position that evidence other than the BMV record is necessary. In *Mogle* we vacated a conviction of operating a motor vehicle while an habitual traffic offender because the State failed to connect to the defendant Mogle any court documents showing that someone with the same name had been found an habitual traffic offender. We acknowledged the general rule that "parol evidence alone is not sufficient to show prior convictions. Court records must be produced unless the State can prove they are unavailable." *Id.* at 1150. We note that *Mogle* was decided in 1984, and section 9–30–3–15 took effect on July 1, 1991. It is apparent from the language of the statute that the legislature intended to permit the State to prove prior convictions of certain motor vehicle law violations by means of BMV records without the need for production of court records. The common-law rule stated in *Mogle* thus is no longer applicable to the limited category of offenses governed by section 9–30–3–15.

█ Pierce further contends there was insufficient evidence he had notice of the prior conviction reflected in the BMV record. We note that Ind.Code § 9–30–10–16, a statute similar to that under which Pierce was convicted, provides that a person who drives while his or her driving privileges are suspended as an habitual traffic violator commits a Class D felony if "the person knows that the person's driving privileges are suspended." Accordingly, to obtain a conviction under that section the State must prove the defendant knew or should have known of the prior BMV suspension.

█ However, Indiana Code Section 9–30–10–17, the statute under which Pierce was convicted, includes no such explicit knowledge requirement. Presumably, this is because with a conviction, unlike with a BMV-generated suspension or adjudication, the defendant is necessarily more directly involved. A defendant who has been convicted of being an habitual traffic offender and whose license has accordingly been suspended for life has almost certainly appeared in court, entered a plea of guilty or been convicted after a trial in which he participated, and been sentenced by the trial court to a lifetime suspension.[3] *See Bates v. State,* 650 N.E.2d 754, 758 (Ind.Ct.App.1995) (finding that a prior conviction after a guilty plea supported the "the reasonable inference ... that Bates had actual knowledge of the forfeiture for life of his driving privileges, which was one of the provisions of his sentence, as well as of his conviction.") We accordingly find that in cases where a defendant is charged with a Class C felony under Indiana Code § 9–30–10–17, proof of a prior conviction of being an habitual traffic violator with a license suspended for life, together with proof that the defendant was driving the vehicle, is sufficient to sustain a conviction. That prior conviction may be proven by

BMV records pursuant to Indiana Code § 9–30–3–15 provided the State properly ties the BMV record to the defendant. Should the information in the BMV record be incorrect, it is up to the defendant to rebut the *prima facie* evidence provided by the BMV record of the conviction.

Affirmed.

ROBB and MATHIAS, JJ., concur.

---

**3.** We acknowledge sentencing might be *in absentia.* In that situation, or where the BMV record is incorrect, the defendant has the right to rebut the *prima facie* evidence of

the conviction as shown in the BMV record. Pierce did not rebut the State's *prima facie* evidence.