Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. STEPHEN MILLER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY LEON JESTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1112-CR-701 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-1107-FC-208

**July 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Timothy Leon Jester ("Jester") appeals his conviction for operating a vehicle after a lifetime suspension,[1] a Class C felony, and argues that the State failed to present sufficient evidence to support his conviction because the evidence did not establish that Jester's driving privileges were actually suspended for life on June 1, 2011, the date of the offense. We agree. "[I]n cases where a defendant is charged with a Class C felony under Indiana Code [section] 9-30-10-17, proof of a *prior conviction* of being an habitual traffic violator with a license suspended for life, together with proof that the defendant was driving the vehicle, is sufficient to sustain a conviction. *Pierce v. State*, 737 N.E.2d 1211, 1214 (Ind. Ct. App. 2000) (emphasis added), *trans. denied.* The prior conviction may be proven by Bureau of Motor Vehicles ("BMV") records pursuant to Indiana Code section 9-30-3-15, provided the State properly ties the BMV record to the defendant. *Id.* Here, the State alleged that Jester committed the charged offense on June 1, 2011. However, there was no showing that Jester's driving privileges were actually suspended for life on the date of the offense or that he had a prior conviction of being a habitual traffic violator with a lifetime suspension on that date; instead, the BMV record admitted into evidence at trial merely showed that he had a lifetime suspension as of June 30, 2011. We therefore conclude that insufficient evidence was presented to prove that Jester committed the offense of operating a vehicle after a lifetime suspension on June 1, 2011.

Reversed.

BAKER, J., and BROWN, J., concur.

---

[1] *See* Ind. Code § 9-30-10-17.