DENNIS MARTIN *v.* STATE OF INDIANA.

[No. 675S144. Filed May 7, 1976.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo, Jr.,* Deputy Attorney General, for appellee.

GIVAN, C.J.—This case was originally filed in the Court of Appeals of Indiana, Second District, but was transferred to this Court by order of the Chief Judge of the Court of Appeals for the reason that the trial court had held that the

Act which provides for the election for treatment as a drug abuser, IC 16-13-7.5-18 (Burns 1973),* is unconstitutional.

Appellant was originally charged with the crime of robbery. Subsequently, appellant entered a plea of guilty to the lesser included offense of theft in the sum of less than One Hundred Dollars ($100.00). Upon his plea, appellant was sentenced to serve not less than one nor more than five years and sentenced to the Department of Correction for classification and confinement. Thereafter, appellant filed his petition to be declared a drug abuser. The trial court found that defendant was entitled to an examination as a drug abuser and ordered him to the Department of Mental Health for such examination.

The Department of Mental Health advised the court that defendant was a drug abuser and likely to be rehabilitated. Following such report the court held a hearing following which it concluded that the appellant was, in fact, a drug abuser and subject to rehabilitation. However, the court observed that the appellant had been originally charged with the crime of robbery, which is a crime of violence, and that his conviction on the lesser charge was a result of plea bargaining. The court further indicated that the statute was in violation of Article 4, Section 22 of the Indiana Constitution, which section forbids local or special laws. After such findings the court denied appellant's petition to be treated as a drug abuser.

There are many cases in Indiana which hold that the legislature may provide alternate means of punishment for certain classes of people. As was stated in *State* v. *Griffin,* (1948) 226 Ind. 279, 290, 79 N.E.2d 537, 543, "A law which applies generally to a particular class of cases is not local or special. The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the State under the same circumstances." See also *Wilson* v. *State,* (1972) 258 Ind. 3, 278 N.E.2d 569, 29 Ind. Dec. 323.

---

* This statute ha ssince been repealed. Acts 1974, P.L. 59, § 5.

The statute in question, IC 16-13-7.5-16, *et seq.*, provides a method whereby certain persons found to be drug abusers may be placed on probation and under treatment for their drug habit. This statute excludes persons who have been charged with a crime of violence or a crime of selling narcotics or dangerous drugs or a person who has two or more convictions for crimes of violence or persons who have other proceedings pending arising out of the same incident or the person is on a probation or parole and the probation authority does not consent to such treatment or a person who has been admitted to treatment on the program on two prior occasions within any consecutive two-year period.

IC 16-13-7.5-18 reads in part:

"If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court *may* place him on probation and under the supervision of the department for treatment. . . ." (emphasis ours.)

Under the statute it remains the discretion of the trial court as to whether or not to place a person on probation and under treatment following conviction. In view of the facts in this case, we cannot say the trial judge abused his discretion in refusing to place the appellant on probation for treatment under the statute.

We, therefore, hold the statute in question is in fact constitutional; however, under the terms of the statute the trial judge was within his sound discretion in refusing to place the appellant under treatment. The trial court is, therefore, affirmed.

Arterburn, Hunter and Prentice, JJ., concur; DeBruler, J., concurs with opinion.

## CONCURRING OPINION

DeBruler, J.—I concur, but would like to clarify one point. The trial judge did not base his denial of appellant's petition for election of treatment on Ind. Code § 16-13-7.5-16 (a) or

(c), Burns § 9-3916 (1973). That statute read, in relevant part:

"A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence . . . (c) the drug abuser has a record of two [2] or more prior convictions of a crime of violence. . . ."

The trial court's preliminary findings were:

"That the defendant has been convicted of a crime of violence, to-wit: First Degree Burglary; that the defendant has been convicted of Theft Less Than One Hundred Dollars and not from the Person, in this cause; That the defendant was convicted in this cause on February 8th, 1973, by plea bargaining, on the charge originally of Robbery, which is a crime of violence. Court further finds that the law requires a conviction of two (2) or more convictions of a crime of violence; That by reason thereof, the defendant is entitled to an examination subject to prosecution pursuant to Burns 9-3918, for the purpose of determining whether or not the defendant is a drug abuser and whether he is an appropriate person for rehabilitation. Defendant ordered committed to the Indiana Department of Health for such examinations."

The trial court construed the statute not to include the *charge* originally brought against a person who has been *convicted* of a lesser included offense. This construction is precisely correct.

After receiving the letter presenting the findings and conclusion of the Department of Mental Health, the trial court could consider, not only the Department's conclusion, but also its findings; appellant's record, including the fact that a Robbery charge was reduced in the process of plea bargaining; and his own evaluation of appellant in his court. The Legislature chose to give the trial judge great discretion in determining whether a person would be rehabilitated through treatment. In the exercise of this discretion, the trial judge denied this petition.

NOTE.—Reported at 347 N.E.2d 581.