**Tony W. HARRINGTON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 680S175.

Supreme Court of Indiana.

June 25, 1981.

John D. Boren, Martinsville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy, Indianapolis, for appellee.

HUNTER, Justice.

Tony W. Harrington was convicted by a jury of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to concurrent terms of eight and four years for his burglary and theft convictions, plus an additional thirty years to be served consecutively for his habitual offender conviction. He presents the following issues for our review:

1. Whether the trial court erred in its disposition of defendant's petition for treatment as a drug abuser; and

2. Whether the trial court erred when it granted the state's motion *in limine* prohibiting mention of the thirty-year sentence imposed on habitual offenders.

The record reveals that on May 7, 1979, Martinsville city police officers interrupted a burglary at C & C Motors, 311 West Morgan Street, Martinsville, Indiana. The defendant was arrested at the scene.

### I.

Prior to trial, the defendant, pursuant to Ind.Code § 16–13–6.1–16 (Burns 1980 Supp.), filed a petition for treatment of drug abuse in lieu of prosecution or imprisonment. The record reveals that the trial court took no action on the petition until after defendant's trial, when the court ordered the Department of Mental Health to conduct an examination of defendant and evaluate his suitability for drug abuse treatment. Based on the reports submitted by the Department of Mental Health, as well as a hearing conducted in the matter the court denied defendant's petition.

■ Defendant maintains that the trial court erred when it failed to act upon his petition prior to trial. We agree. The statutory procedures which had been outlined by the legislature clearly indicate that if the petition is filed before trial, it should also be acted upon before trial. Ind.Code § 16–13–6.1–17, *supra.*

■ Nonetheless, we fail to perceive how defendant was prejudiced by the trial court's post-trial action on his petition. Even where such petitions are properly addressed prior to trial and granted a petitioner may still be prosecuted. And where a petition is denied prior to trial, prosecution proceeds. *Id.* Here, the petition was denied; defendant does not challenge the trial court's exercise of discretion in that regard, nor does he suggest in what manner the lapse of time might have prejudiced the merits of his petition.

Instead, defendant baldly asserts the constitutional rule of law that a statute's "operation shall be the same in all parts of the state under the same circumstances," quoting *Martin v. State*, (1976) 264 Ind. 444, 346 N.E.2d 581. That language was born of Article 4, Section 22 of the Indiana Constitution, which prohibits "local or special" legislation. *Sarlls, City Clerk v. State ex rel. Trimble*, (1929) 201 Ind. 88, 166 N.E. 270. The statute at issue here does not violate that prohibition. Our concern here, then, is simply whether the substantive right defined in the statute was afforded defendant in a manner which did not prejudice him. Ind.R.Ap.P. 15(E); *Bean v. State*, (1978) 267 Ind. 528, 371 N.E.2d 713. As we are unable to perceive any prejudice to defendant by the court's post-trial action on his petition, we conclude the error was harmless.

### II.

Defendant also maintains the trial court erred when it granted the state's motion *in limine*, thereby prohibiting the parties from indicating to the jury that a thirty-year sentence is imposed on a person found to be an habitual offender. He asserts that the prohibition precluded the jury from intelligently exercising its constitutional right to determine the law, as it was instructed in accordance with Article 1, Section 19 of the Indiana Constitution; had the jury been informed of the thirty-year sentence triggered by an habitual offender finding, it might have rejected the habitual offender

charge on the basis of his young age, defendant maintains.

This contention has been rejected by this Court on numerous occasions. *Bailey v. State,* (1980) Ind., 412 N.E.2d 56; *Craig v. State,* (1979) Ind., 398 N.E.2d 658; *Drake v. State,* (1979) Ind., 397 N.E.2d 600. Those decisions were predicated on the conclusions that such a prohibition does not violate fundamental fairness, that limitations exist on the jury's right to determine the law, and that juries generally have no responsibility to assess the penalty which should follow from a guilty verdict. Defendant has neither cited those cases in his brief nor challenged the rationale upon which the decisions were based. We see no reason to deviate from that precedent; under Ind. Code § 35–50–2–8, *supra,* sentencing is expressly and exclusively the responsibility of the judge. The trial court did not err.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.