**UNITED STATES of America**

v.

**Melvin Cicero BUTLER.**

**Crim. No. 87–136.**

United States District Court,
W.D. Pennsylvania.

Jan. 8, 1988.

---

thereof if the disclosure of that information

would be in violation of this chapter."

William V. Conley, Asst. U.S. Atty., Pittsburgh, Pa., for U.S.

Frank Arcuri, Asst. Federal Public Defender, Pittsburgh, Pa., for Butler.

## OPINION

DIAMOND, District Judge.

Before us is the government's motion to vacate our order of September 15, 1987, which committed the defendant for an examination to determine his suitability for treatment under Title I of the Narcotic Addict Rehabilitation Act of 1966 ("NARA"), Pub.L. 89–793, 80 Stat. 1438, codified at 28 U.S.C. §§ 2901 *et seq.* For reasons that follow, we will grant the government's motion and vacate our order.

### Background

Melvin Cicero Butler is charged with several counts of possession with intent to distribute controlled substances. He is a dentist and a drug addict. These facts prompted us to order, on September 15, 1987, that the Surgeon General examine Dr. Butler to determine if he is likely to be rehabilitated through treatment under NARA.

Unfortunately, a chasm opened between our order and its execution. Dr. Butler was examined, but by agents of the Attorney General, not of the Surgeon General as required by 28 U.S.C. § 2902(a). We committed Dr. Butler again on October 29, 1987, for a proper examination. The Surgeon General did not examine Dr. Butler within the time set by our order, and on November 25, 1987, we ordered the Surgeon General to explain his noncompliance.

The Surgeon General responded with a certification that he did not have adequate facilities or personnel available for treatment of Dr. Butler under NARA. *See* 28 U.S.C. § 2902(b). The last Public Health Service facility for the treatment of addicts was closed in 1974, and the Surgeon General has not received any commitments under NARA since fiscal year 1977. Congress has not appropriated funds for examinations or treatment under Title I of NARA. The Surgeon General informed the court that he would ask the United States Attorney for the Western District of Pennsylvania to move to vacate our September 15, 1987, order in light of this certification.

The government did move to vacate. The government argued that the Surgeon General's certification disallows any commitment under NARA for examination or treatment. Additionally, the government argued that ordering an examination or treatment in the absence of available appropriations would force the Surgeon General to violate the Antideficiency Act,

which states in pertinent part, "An officer or employee of the United States Government ... may not make or authorize an expenditure or obligation exceeding an amount available in an appropriation or found for the expenditure or obligation." 31 U.S.C. § 1341(a)(1)(A).

Faced with this new information, we ordered the parties to brief the following issues:

1. How the court may best effectuate the clear intent of its prior orders; namely, that the defendant, being eligible for treatment under the Act, shall be examined by the Surgeon General or his designee in accordance with the procedures set forth in 28 U.S.C. § 2902.

2. The effect of the Surgeon General's certification on the availability of treatment under the Act. *See* 28 U.S.C. § 2902(b).

3. If treatment is not available under the Act, the effect of this unavailability on the propriety of ordering an examination of the defendant and the effect on how the court should proceed in this case.

Memorandum Order (December 10, 1987). The government responded by reiterating the arguments made in its motion to vacate. Dr. Butler conceded that if adequate facilities or personnel for treatment were unavailable, he could not be committed under NARA, but Dr. Butler suggested that treatment was available. NARA authorizes the Surgeon General to delegate performance of his functions to any public or private agency. 28 U.S.C. § 2905. Dr. Butler argued that his private health plan could pay for his treatment or that the Surgeon General could persuade some organization to treat him without charge. Dr. Butler also requested us to await his attempts to secure an emergency appropriation of Congress for his treatment by appeal to the President and local Congressmen.

### Discussion

Enacted in 1966, NARA reflects a different attitude toward crime and punishment than that which prevails today. NARA advocated treatment and rehabilitation of addicted offenders so that they may return to society as productive citizens. *See* H.R. Rep. No. 1486, 89th Congress, 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News, pp. 4245, 4248–4251; *United States v. Bishop*, 469 F.2d 1337, 1340–41 (1st Cir.1972). In contrast, Congress' present mood finds expression in the recently enacted sentencing guidelines: retribution, deterrence, and the removal of the offender from society—not rehabilitation— are the objectives of the criminal sanction. *See* 18 U.S.C. § 3553; S.Rep. No. 225, pp. 38, 40, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News, pp. 3182, 3221, 3223.

Title I of NARA, 28 U.S.C. §§ 2901–2906, enables eligible defendants to obtain pretrial commitment and treatment and avoid the stigma of a criminal conviction. If the court believes that an eligible defendant is an addict, the court may hold the criminal charges in abeyance if the defendant "elects to submit to an immediate examination to determine whether he is an addict and is likely to be rehabilitated through treatment." 28 U.S.C. § 2902(a). The Surgeon General examines the defendant and recommends to the court whether the defendant should be civilly committed. 28 U.S.C. § 2902(b). The Surgeon General's recommendation is not binding; it is for the court to decide whether the defendant is suitable for civil treatment. *Id.; see* 1966 U.S.Code Cong. & Admin.News, p. 4258. If the court commits the defendant to the Surgeon General for treatment, the criminal charges are continued, and if the Surgeon General certifies that the defendant has completed his treatment successfully, the charges are dismissed. 28 U.S.C. § 2902(c). The Surgeon General's certification does bind the court. *Id.; see* 1966 U.S.Code Cong. & Admin.News, p. 4259.

■ NARA offers the defendant an opportunity, not any right. The Act's terms are discretionary, not mandatory, and much of that discretion lies with the Surgeon General. Whether to offer a defendant the opportunity for the examination necessary

to qualify him for treatment under the Act is within the court's "sole discretion." 28 U.S.C. § 2902(a). The Surgeon General determines whether, in his judgment, the defendant has successfully completed treatment, and the court must respect that determination. 28 U.S.C. § 2902(c). The Surgeon General also has discretion to release the defendant for supervisory aftercare in the community, and he also may terminate that release at any time. 28 U.S.C. § 2903(a), (b). None of the court's determinations under the Act are reviewable on appeal. 28 U.S.C. § 2906. While Dr. Butler has not raised the issue, we note that NARA's lack of substantive limitations on official discretion forecloses any claim of constitutionally recognized entitlement to treatment under NARA. *See Stephany v. Wagner,* 835 F.2d 497 (3d Cir.1987).

█ NARA deprives the court of authority to commit a defendant under Title I "if the Surgeon General certifies that adequate facilities or personnel for treatment are unavailable." 28 U.S.C. § 2902(b); *see* 1966 U.S.Code Cong. & Admin.News, p. 4246. The Surgeon General has submitted to us such a certification, and we have no reason to doubt the veracity or accuracy of that certification. Our research has disclosed a dearth of reported decisions, particularly recent ones, in which Title I was utilized. As far back as twelve years ago, a federal judge noted that NARA's use was diminishing. Hoffman, Purposes and Philosophy of Sentencing, 75 F.R.D. 287, 322 (1976).

Dr. Butler claims that the Surgeon General's certification is inaccurate, and he asks us to go beyond it and order the Surgeon General to explore alternative facilities and sources of funding. As much as we have expressed an opinion in our previous orders and proceedings that Dr. Butler is a choice candidate for rehabilitation under NARA, we cannot do this. Vast as a federal court's powers are, equally weighty is the court's obligation when construing legislation to respect Congress's intent and policy choices as expressed in a statute's clear language. NARA forbids us to commit anyone if the Surgeon General certifies facilities or personnel are unavailable. 28 U.S.C. § 2902(b). This subsection's language does not speak of findings of unavailability by the court or even of actual unavailability; rather, it is the Surgeon General's certification that bars any commitment. We interpret this language as requiring us to stop at and accept the Surgeon General's certification.

Affording such preclusive effect to the Surgeon General's certification is consistent with NARA as a whole. As we have described, no one is entitled to commitment under Title I, and the Surgeon General possesses much of the discretion to determine the defendant's progress through the Act's scheme. Ultimately, the Surgeon General has the unreviewable authority to decide if the defendant has completed his treatment successfully; this decision controls whether the criminal charges against the defendant will be dismissed or whether he must face those charges. *See* 28 U.S.C. § 2902(c).

We reject Dr. Butler's request that we order the Surgeon General to exercise his delegation powers under 28 U.S.C. § 2905. First, as we have noted, our power to proceed any further under Title I ends with the Surgeon General's certification. Second, delegation is within the Surgeon General's sole discretion:

(a) The Surgeon General *may* from time to time make such provision *as he deems appropriate* authorizing the performance of any of his functions under this chapter by ... any Federal or other public or private agency or officer or employer thereof.

(b) The *Surgeon General is authorized* to enter into arrangements with any public or private agency or any person under which appropriate facilities or services of such agency or person will be made available, on a reimbursable basis or otherwise, for the examination or treatment of individuals who elect civil commitment under this chapter.

28 U.S.C. § 2905 (emphasis added). We do not have the authority to compel the Surgeon General to exercise that discretion.

Third, Dr. Butler's claim that he can obtain alternative funding and facilities strikes us as unlikely. The Surgeon General has not refused to find alternative facilities out of obstinance; instead, he alleges that the absence of Congressional appropriations for Title I precludes him from using the Act. We doubt that Dr. Butler will persuade Congress to reverse its decision to eliminate funding for Title I; nevertheless, we cannot delay this case to await a decision that Congress need never make explicit. Dr. Butler has offered no more than statements in his brief to support his claim that his private insurance would cover the costs of commitment under the Act. We question those statements: the costs of this commitment would include institutionalization of the defendant, an examination which may last sixty days, and treatment which could last for three years.

Pretrial services has brought to our attention that a positive drug test indicates that Dr. Butler may have used a controlled substance in violation of a condition of his release, and, based on that information, we have scheduled a bail revocation hearing. We note this only to assure the parties that it has not influenced our decision. NARA was intended to treat addicts, and by definition an addict cannot resist the use of drugs. *See* Dorland's Illustrated Medical Dictionary 29 (26th ed. 1981).

### Conclusion

NARA promised much to society when enacted and much to Dr. Butler in this case. In both instances it has fallen short. Bound by the Act's language and Congress's control of the fisc, we will grant the government's motion to vacate.

An appropriate order will be entered.