**Alvin Dean YODER, Appellant (Defendant),**

**v.**

**STATE of Indiana, Appellee (Plaintiff).**

**No. 18A02–9011–CR–650.**

Court of Appeals of Indiana, Second District.

July 10, 1991.

Rehearing Denied Aug. 30, 1991.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant–Defendant Alvin Yoder (Yoder) appeals his conviction for child molesting,[1] a class C felony, arguing that the trial court erred in denying his motion for treatment in lieu of prosecution/incarceration,

1. Ind.Code 35–42–4–3.

and that his sentence was manifestly unreasonable.

We affirm.

### FACTS

The facts most favorable to the judgment reveal that on August 3, 1989, Yoder was working at Dennis Curtis' residence. Four-year-old T.G. was visiting at the time, and Curtis observed Yoder grab T.G., place her on his lap, "hunch" her, and put his fingers inside her underwear and fondle her genitals.

Yoder was arrested, and prior to trial, he filed a motion for drug and alcohol treatment in lieu of prosecution.[2] The motion was denied, and following a trial by the court on June 20, 1990, Yoder was convicted and sentenced to an eight-year term of imprisonment. The following day, Yoder renewed his motion for treatment in lieu of imprisonment which was denied.

### ISSUES

Yoder presents the following issues for review:

1. Did the trial court erroneously deny Yoder's motion for treatment in lieu of prosecution/imprisonment?

2. Was the eight-year term of imprisonment manifestly unreasonable?

### DECISION

ISSUE ONE—Did the trial court err in denying Yoder's motion for treatment in lieu of prosecution/imprisonment?

PARTIES' CONTENTIONS—Yoder contends that he was eligible for treatment in lieu of prosecution/imprisonment in accordance with IC 16–13–6.1–17 [hereinafter referred to as the continued prosecution statute], and IC 16–13–6.1–18 (1988) [hereinafter referred to as the treatment following conviction statute].

The State responds that the trial court acted within its discretion in denying Yoder's motions for treatment in lieu of prosecution/imprisonment.

2. Ind.Code 16–13–6.1–16, –17.

CONCLUSION—The trial court properly refused to grant Yoder's motion for treatment in lieu of prosecution/imprisonment.

We begin our discussion with the relevant portion of IC 16–13–6.1–16 which provides that "A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, *unless:* (1) *the offense is a forcible felony....*" The continued prosecution statute, provides that:

> "(a) If a court has reason to believe that an individual charged with a felony is a drug abuser or alcoholic or the individual states that he is a drug abuser or alcoholic and the court finds that he is eligible to make the request provided for in section 16 of this chapter, *the court may advise him that the prosecution of the charge may be continued if he requests to undergo treatment and is accepted for treatment by the department....* (b) If an eligible individual requests to undergo treatment, the court *may* order the department to conduct an examination of the individual to determine whether he is a drug abuser or alcoholic and is likely to be rehabilitated through treatment...."

IC 16–13–6.1–17 (emphasis supplied). A companion to this section, the treatment following conviction statute, says that if a court finds that an individual convicted of an offense "is eligible to make the request provided for under section 16 of this chapter, *the court may advise him that he may be placed on probation if he requests to undergo treatment and is accepted for treatment by the department....*" (Emphasis supplied).

We reject Yoder's argument that the trial court was obligated to order him examined by the Department of Mental Health to determine his eligibility for treatment, inasmuch as the obvious import of the above statutes affords a trial judge the discretion to decide whether an evaluation should be ordered. While Yoder cites *Scholl v. State* (1980), Ind.App., 404 N.E.2d

1154, for the proposition that the trial court *must* order an examination if a defendant is an eligible drug abuser and elects treatment, *Scholl* was decided in accordance with the former version of the treatment following conviction statute, which has since been repealed, and there is no longer a requirement making drug and alcohol evaluation mandatory.[3]

Because a trial judge is no longer *required* to order an evaluation, we now decide whether the trial judge abused his discretion in concluding that Yoder was ineligible for treatment. IC 16–13–6.1–16 makes it clear that a defendant is not a proper candidate for drug and alcohol treatment in lieu of prosecution or imprisonment, if the offense committed is a forcible felony. Ind.Code 35–41–1–11 (1988) defines this term as "a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being."

The record reflects that Yoder grabbed four-year-old T.G., laid her across his genital area and "hunched" her. *Record* at 120. He grabbed her hand, and attempted to put it down his pants. Yoder also kissed T.G. on the mouth, placed his hands in her pants, and fondled her genitals. *Record* at 125–26.

■ In child molest offenses, a defendant's use of force is implied in the commission of the act because the victim is incapable of giving consent. *Feller v. State* (1976), 264 Ind. 541, 348 N.E.2d 8; *Chesterfield v. State* (1923), 194 Ind. 282, 141 N.E. 632 (no error in instructing the jury that if defendant had sexual intercourse with a girl under sixteen, her consent was immaterial and the element of force was inapplicable); *Williams v. State* (1978), 178 Ind.App. 554, 383 N.E.2d 416 (it is only when a female reaches the age of consent does it become necessary, in order to establish the crime of rape, to show force and a lack of consent).

Yoder's act of molesting four-year-old T.G. constituted a forcible felony. The trial judge therefore properly exercised his discretion in denying Yoder's motions for treatment in lieu of prosecution/imprisonment.

ISSUE TWO—Was the eight-year term of imprisonment imposed upon Yoder manifestly unreasonable?

PARTIES' CONTENTIONS—Yoder argues that an eight-year term of imprisonment was manifestly unreasonable. The State responds that it is within the trial court's discretion to determine the sentence that a defendant receives, and the circumstances of the case warranted an eight-year term of imprisonment.

CONCLUSION—Yoder was not improperly sentenced. It is within the trial court's discretion to determine whether the sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Sylvester v. State* (1990), Ind., 549 N.E.2d 37; *Peters v. State* (1989), Ind., 542 N.E.2d 1340. This court will not disturb a sentence authorized by statute unless no reasonable person could find the sentence appropriate to the particular offense and offender for which such a sentence was imposed. *Daugherty v. State* (1987), Ind., 511 N.E.2d 1070; Ind. Rules of Procedure, Appellate Rule 17.

■ Following the sentencing hearing, Yoder was sentenced to an eight-year term of imprisonment. Four of those years were imposed because the trial court found aggravating circumstances and chose to enhance the presumptive sentence. Our supreme court has determined that if the trial court finds aggravating or mitigating circumstances, the record must include a statement of the court's reasons for selecting the sentence it imposes. *Ballenger v. State* (1991), Ind., 565 N.E.2d 751; *Evans v. State* (1990), Ind., 563 N.E.2d 1251. That statement must include the following: (1) the identification of all significant mitigating and aggravating circumstances, (2)

---

**3.** The *Scholl* court commented in regards to this change and observed that, "[a]n amendment of this section makes the ordering of such an examination a discretionary, rather than a mandatory, act on the part of the court. We, however, must apply the law at the time of the commission of the offense...." *Scholl, supra,* at 1156, n. 2.

the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) a determination as to whether the mitigating circumstances offset the aggravating circumstances. *See Evans, supra; Henderson v. State* (1986), Ind., 489 N.E.2d 68.

At the sentencing hearing, the trial court pointed to several aggravating factors including the harmful mental effects suffered by T.G., the position of trust that Yoder was in and the fact that he violated that trust, and that Yoder intended to take advantage of T.G. because she was a vulnerable four-year-old. *Record* at 82–83. The trial judge then weighed these factors against one mitigating factor—the fact that this was Yoder's first felony conviction, and enhanced the presumptive sentence for child molesting by four years. *Record* at 83.

The trial court's statement of reasons for enhancing the presumptive sentence was sufficient, and the sentence was not "manifestly unreasonable."

Judgment affirmed.

SHIELDS and MILLER, JJ., concur.