**Shane Eric WEATHERLEY,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A04–9201–CR–31.

Court of Appeals of Indiana,
Fourth District.

June 17, 1992.

Jack Quirk, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Shane Eric Weatherley appeals the Delaware Superior Court's denial of his request for treatment under IND.CODE 16–13–6.1–16 and 17.

We affirm.

Weatherley raises one restated issue for our review:

whether due process requires the Indiana Department of Mental Health to state its reasons for denying consent under IC 16–13–6.1–16 and 17.

Weatherley was charged by information with the offense of Burglary, a class C felony. He filed a plea of not guilty and a petition for treatment for chemical dependency in lieu of sentencing. He later changed his plea to guilty.

The trial court held a hearing in which it granted Weatherley's request for examination by the Indiana Department of Mental Health (Department) to determine if he was eligible for treatment under IC 16–13–6.1. After the Department examined Weatherley, it submitted a letter and written evaluation informing the court it believed treatment of Weatherley would be unsuccessful. It therefore refused to give consent to allow Weatherley to receive treatment in its program.

The trial court held a hearing in which it informed Weatherley of the Department's decision. Weatherley asked for a continuance to discover the reasons for the decision. He also requested an additional hearing in which he would present evidence of his addiction. The trial court denied Weatherley's requests, holding IC 16–13–6.1–16 and 17 gives the Department total discretion on the question of acceptance into treatment. The trial court subsequently held a hearing in which it sentenced Weatherley to an eight year term of imprisonment.

Weatherley contends the Department should have been required to state its reasons for its refusal to give consent.[1] He further contends he had a due process right to challenge the Department's conclusions in court.

No Indiana courts have addressed the exact issue raised by Weatherley. However, Illinois courts have addressed the issue as it pertains to statutory provisions similar to those at issue here. In *People v. Hamilton* (1987), 155 Ill.App.3d 555, 108 Ill.Dec. 224, 508 N.E.2d 385, the Appellate Court of Illinois was asked to decide whether a statute violated due process by giving unlimited authority to a parole authority to arbitrarily veto drug treatment in lieu of sentencing.[2] The court held:

Due process requires that a statutory provision be rationally related to its legislative purpose. It will be upheld if it is reasonably designed to remedy legislatively identified threats to the public health, safety and welfare. A strong presumption of constitutionality is recognized.

The predecessor act, the Dangerous Drug Abuse Act (Ill.Rev.Stat.1973, ch. 91½, par. 120.1, *et seq.*) ("the predecessor act") created an alternative to criminal prosecution upon belief that drug treatment might be beneficial. Treatment was afforded to certain drug addicts when the circuit court determined such action was in the best interests of defendant and society. By enumerating disqualifying factors for treatment (Ill.Rev. Stat.1981, ch. 91½, par. 120.8(a)-(f), now

---

**1.** Actually, the Department did list the reasons for denial of consent in its evaluation report submitted to the trial court. The report stated Weatherley's poor employment history, lack of "non-using" support group, and lack of involvement in Alcoholics Anonymous indicated he would not be rehabilitated through treatment.

**2.** The Illinois statute, Ill.Rev.Stat.1985, ch. 111½, par. 6321(e), § 21(e), reads:

An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Department instead of prosecution or probation, as the case may be, unless ... (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election....

Ill.Rev.Stat.1985, ch. 111½, par 632(a)-(g)), the legislature showed it did not intend all drug addicts to be eligible for this alternative treatment. The participation of parole officers in the proceedings is to elicit the input of those whose duties and responsibilities include supervision of defendants while not in custody.

From the foregoing, it cannot be said that the legislature acted irrationally in requiring consent from a parole authority when the court considers the potential for successful treatment of an addict already on parole at the time the subject crime was committed.

108 Ill.Dec. at 226–227, 508 N.E.2d at 387–388. (Citations omitted).

The *Hamilton* court went on to hold:

Defendant complains that no reason was given by the parole officer for withholding his consent. Nothing in the Act requires that reasons be given. As noted above, parole officers are to be consulted because their duties and responsibilities include supervision of defendants not in custody. Their assured cooperation would help the treatment program to succeed. The reasons for withholding consent under the facts of this case require little, if any, elaboration. It may well be that reasons should be required of parole officers for their determinations of consent or refusal to consent to such a program under other circumstances. Perhaps their reasons also should be subject to judicial review. To require such a procedure, however, lies within the power of the legislature, not the courts.

108 Ill.Dec. at 229, 508 N.E.2d at 389. (Citations omitted).

Our legislature, through the provisions of IC 16–13–6.1, recognizes the possible relationship between addiction and criminal activity and places a duty upon the Department to "[e]stablish and operate treatment and rehabilitation centers and necessary facilities for the supervision and treatment of alcoholics and drug abusers." IC 16–13–6.1–4(a)(7). Accordingly, some classes of drug abusers or alcoholics who are charged with or convicted of a crime may request treatment under the supervision of the Department in lieu of prosecution or imprisonment. IC 16–13–6.1–16. An eligible drug abuser or alcoholic may not be admitted to a treatment program, however, unless the Department consents to admission. *Id.* A trial court may advise an eligible defendant that his charge may be continued during treatment by the Department. IC 16–13–6.1–17(a). However, the court cannot place a defendant under the supervision of the Department unless the Department accepts him for treatment. IC 16–13–6.1–17(b).

The discretion enjoyed by the parole officer under the Illinois statutory scheme is similar to that possessed by the Department under IC 16–13–6.1. We are persuaded by the *Hamilton* court's reasoning and so decide the issue here. In placing total discretion in the Department, the legislature recognized the Department's special evaluation and treatment capabilities and the importance of placing into the Department's program only those defendants who will benefit therefrom. Our statutes do not require the Department to state reasons for refusal to consent. In fact, the statutes do not put any limitation on the Department's discretion. As the court stated in *U.S. v. Butler* (W.D.Pa. 1988), 676 F.Supp. 88, 90, where a statute's terms are discretionary, the defendant is offered an opportunity, not a constitutional right. Furthermore, as the *Hamilton* court noted, the issue of judicial review of refusal to consent is an issue for the legislature to decide. There is no due process violation here.

Affirmed.

CHEZEM and SHARPNACK, JJ., concur.