David R. BESS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A05–9506–CR–212.

Court of Appeals of Indiana.

Nov. 9, 1995.

Alan K. Wilson, Public Defender, Muncie, for Appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CHEZEM, Judge.

*Case Summary*

Appellant–Defendant, David Bess ("Bess") appeals his conviction for Burglary, a Class C felony. We affirm.

*Issue*

Bess presents one issue for our review which we restate as: whether Bess's due process rights were violated when his request for substance abuse treatment was denied as a result of, in part, the trial court's reliance upon a particular examiner's report.

*Facts and Procedural History*

Bess was charged with Burglary, Theft, and Residential Entry. He pleaded guilty to the Burglary charge and requested that he be evaluated for the possibility of probation in conjunction with the receipt of drug treatment in lieu of being sentenced for the Burglary. The trial court granted Bess's request and ordered the Division of Mental Health ("Division")[1] to prepare an eligibility report.

The Division assigned Bess's case for evaluation to Bruce Rector ("Rector"), of Comprehensive Mental Health Services ("Comprehensive"). Rector's report indicated that while Bess was chemically dependent, he did not appear to be a good candidate for treatment. The Division agreed, and did not accept Bess into the substance abuse treatment program. The trial court sentenced Bess to an executed term.

*Discussion and Decision*

At his sentencing hearing, Bess introduced evidence that Vanessa Green ("Green"), a woman who worked at Comprehensive, had been the victim of his theft. Bess argued that because Rector worked for the same establishment as Green, Rector might have been improperly influenced by Green in making his report for Comprehensive. The trial court heard this argument, but found otherwise. Phrasing it in terms of due process, Bess renews this challenge. Neither party cites, nor did our independent research reveal, any case which addresses this specific issue. However, based upon the relevant Indiana Code provisions, the case law interpreting those sections, and the circumstances in this particular case, we disagree with Bess.

Our legislature, through the provisions of Ind.Code 12–23–8, formerly Ind.Code 16–13–6.1, recognizes the possible relationship between addiction and criminal activity and places a duty upon the Division to establish and operate treatment and rehabilitation centers and necessary facilities for the supervision and treatment of substance abusers. *Weatherley v. State* (1992), Ind.App., 593 N.E.2d 1239, 1241. Accordingly, some classes of substance abusers who are charged with or convicted of a crime may request treatment under the supervision of the Division in lieu of imprisonment. Ind.Code § 12–23–8–1.

■ Once an individual requests to undergo drug treatment, the court may order the Division to examine the person to determine whether the individual is a drug abuser and is likely to be rehabilitated through treatment. Ind.Code § 12–23–8–3. Recognizing the Division's special evaluation and treatment capabilities and the importance of placing into the Division's program only those defendants who will benefit therefrom, our legislature has placed total discretion in the Division. *Weatherley*, 593 N.E.2d at 1241. If the Division submits a report denying a defendant admission to its program, a judge may not unilaterally override that decision and force the Division to accept him. Further, our statutes do not require the Division to state reasons for a refusal to admit. In fact, the statutes do not put any limitation on the Division's discretion. *Id.* Where a statute's terms are discretionary, the defendant is offered an opportunity, not a constitutional right. *Id.*

■ After the Division makes a report which accepts the defendant into its program, the report is forwarded to the court. Ind.Code § 12–23–8–7. The court, in turn, uses the report as one factor in its ultimate decision of whether the defendant is likely to be rehabilitated through treatment and hence should be placed in the treatment by the Division/probation program. Ind.Code §§ 12–23–8–8, –9. "If the court, acting on a report and other information coming to the court's attention, determines that: (1) an in-

1. Formerly known as the Department of Mental Health.

dividual is not a drug abuser or an alcoholic; or (2) the individual is not likely to be rehabilitated through treatment; the court shall sentence the individual as in other cases." Ind.Code § 12–23–8–8. A trial court's decision as to whether a drug abuser is likely to be rehabilitated through treatment rests within the sound discretion of the trial court and may be reversed only when it is clearly against the logic and the natural inferences to be drawn therefrom. *Mogle v. State* (1984), Ind.App., 471 N.E.2d 1146; *Yoder v. State* (1991), Ind.App., 574 N.E.2d 929, *reh. denied, trans. denied.*

Citing *City of Mishawaka v. Stewart* (1974), Ind., 261 Ind. 670, 310 N.E.2d 65, Bess argues that because a reviewing court's authority over administrative proceedings is limited,

> it is imperative that a strict test of impartiality be applied to the fact finding procedure. The evidence will be heard and the facts determined but once. If the facts are to be fairy (sic) determined then it must occur at this stage of the proceedings. It is essential that the fact finders comport to due process standards. It also follows that the fact finding process should be free of suspicion or appearance of impropriety.

*Id.,* 310 N.E.2d at 69. However, in the context of substance abuse treatment in lieu of imprisonment, the same logic does not apply. This is because, rather than limited authority over the Division's decision, the trial court has rather generous discretion. *See* Ind. Code §§ 12–23–8–1, –2(b), –3, –4, –9; *Thurman v. State* (1974), 162 Ind.App. 576, 320 N.E.2d 795, 798 (trial court is not obligated to order substance abuse treatment *even if* the report following the evaluation recommends such treatment); *see also Martin v. State* (1976), 346 N.E.2d 581, 264 Ind. 444 (DeBruler, J., concurring) (legislature chose to give trial judge great discretion in determining whether person would be rehabilitated through treatment).

Furthermore, if presented with a proper challenge to an evaluator's impartiality, a trial court may in its discretion order that the Division assign a new evaluator from a different agency to perform another evaluation of a defendant. In order to properly challenge the partiality of an evaluator, a defendant must file a motion to suppress the report, making out a prima facie case of bias. If such a motion is filed, a hearing follows during which evidence is presented, and a decision upon the suppression is made.

Not until Bess's sentencing hearing did he first assert that the report *might* be tainted because Green and Rector worked for the same establishment. Bess did not file a motion to suppress nor set out any evidence in support of his theory, let alone establish a prima facie case of bias. Because he did not properly challenge the report or its evaluator, the trial judge need not have addressed the matter. However, the trial judge went out of his way to note that there was no evidence outside of speculation that Rector knew Green, let alone that Green had spoken with Rector regarding her views on Bess. In addition, the trial judge stated that Rector's report outlined, and Bess did not refute, that Bess had been in drug rehabilitation programs before, but to no avail.[2] Moreover, Rector's report was reviewed and affirmed by the Division which presumably was not subject to any influence from Green. Also, the finding that Bess was a poor candidate for treatment was consistent with an independent report done by the Southlake Center for Mental Health.

In view of the fact that a proper challenge was not before the trial court, the Division's decision not to accept Bess was binding. That is, the trial court could not order that Bess be accepted by the Division, nor in this case could the trial court order that Bess be re-evaluated by a different person. The fact that the trial judge set out reasons supporting the denial of substance abuse rehabilitation merely lends more credibility to the original decision to deny Bess treatment.

**2.** *See Sleck v. State* (1977), 175 Ind.App. 22, 369 N.E.2d 963. In this case, a trial court examined a presentence investigation report, an F.B.I. report on the defendant, and a report filled out by the defendant for the department of mental health indicating that he had been enrolled in a drug abuse treatment program, apparently to no avail. This court held that the trial court did not abuse its discretion in denying defendant's petition to be sentenced as a drug abuser.

The trial court did not abuse its discretion, nor were Bess's due process rights violated.

Affirmed.

DARDEN and FRIEDLANDER, JJ., concur.