Brenda L. DYER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9809–CR–729.

Court of Appeals of Indiana.

June 30, 1999.

Jack Quirk, Muncie, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Baumgartner, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Defendant-appellant Brenda L. Dyer ("Dyer") appeals the six-year sentence imposed by the trial court after she pled guilty to operating a motor vehicle after lifetime suspension, a class C felony.[1] We affirm.

### Issues

Dyer raises three issues for our review, which we consolidate and restate as

---

1. IND.CODE § 9–30–10–17.

(1) whether the trial court properly denied her request for treatment in lieu of sentencing; and

(2) whether the sentence imposed was manifestly unreasonable.

### Facts and Procedural History

The facts most favorable to the judgment show that on March 3, 1998, Dyer was charged with the following five (5) offenses: Count 1, operating a motor vehicle while her driving privileges had been forfeited for life; Count 2, operating a motor vehicle while intoxicated, a class A misdemeanor;[2] Count 3, operating a vehicle with ten-hundredths percent (.10%) or more of alcohol by weight in grams in 210 liters of her breath, a class C misdemeanor;[3] Count 4, failure to stop after an accident resulting in damage to a vehicle, a class C misdemeanor;[4] and Count 5, possession of marijuana in an amount less than thirty (30) grams, a class A misdemeanor.[5] Dyer initially pled not guilty and requested counsel; a public defender was appointed. On April 23, 1998, Dyer filed a "Request for Treatment in Lieu of Prosecution," which averred that her record included "the following convictions and no others,"[6] and that she was "not on probation from any Court" and "not on parole from any penal institution."

On May 14, 1998, pursuant to an agreement with the State, Dyer withdrew her plea of not guilty and pled guilty to operating a motor vehicle after lifetime suspension, a class C felony. The trial court accepted Dyer's guilty plea, granted her request for treatment in lieu of sentencing, and ordered a substance abuse evaluation. However, on May 27, 1998, a court probation officer advised the court that Dyer was ineligible for treatment in lieu of sentencing.

On June 10, 1998, the Division of Mental Health ("DMH") entered an appearance in the case and moved the court for relief from the Order for Substance Abuse Evaluation.

The DMH's motion stated, in part, that it had been less than three (3) years since Dyer had been on probation; that IND.CODE § 35–50–2–2(b)(2) required that Dyer serve the minimum sentence for a class C felony, since less than seven (7) years had elapsed between the date she was discharged from probation and the date she committed the class C felony in the instant case; that the nonsuspendable portion of Dyer's sentence made her ineligible for treatment pursuant to IND.CODE § 12–23–8–4; that because she was ineligible for treatment, it would be wasteful to spend the $250 in taxpayer funding required to administer the substance abuse evaluation; and that the DMH declined to accept Dyer for evaluation or treatment.

On July 13, 1998, the trial court held a hearing on the DMH's motion for relief. At the conclusion of the hearing, the court denied Dyer's request for treatment and ordered a pre-sentence investigation. The pre-sentence report listed sixteen different offenses with which Dyer had been charged since 1988. Some of those charges had been dismissed; however, the disposition in half of the cases had been suspension of her driver's license (for increasingly longer periods over the chronological history), probation, fines, and/or "countermeasures" such as treatment. Most notably, however, she had two outstanding warrants for substance-abuse-related charges prior to her arrest in the instant case; the presentence report noted that because of these outstanding charges, Dyer failed to meet the requirements for treatment in lieu of sentencing.

On August 20, 1998, the trial court held a sentencing hearing, during which it noted that Dyer had been an inpatient for substance abuse treatment "on at least [three] occasions ... and in addition to that she's been in outpatient [treatment] on [two] different occasions." The sentencing order entered at the conclusion of the sentencing hearing reads, in pertinent part:

---

**2.** IND.CODE § 9–30–5–2.

**3.** IND.CODE § 9–30–5–1(a).

**4.** IND.CODE § 9–26–1–2(1).

**5.** IND.CODE § 35–48–4–11(1).

**6.** To wit: operating while intoxicated while having a previous conviction, a class D felony; operating a vehicle while intoxicated, a class A misdemeanor, and operating a vehicle after being adjudicated a habitual traffic offender, a class D felony.

1) The following mitigating circumstances exist:

(A) Long term imprisonment would result in undue hardship on the defendant's dependent.

2) The following aggravating circumstances exist:

(A) The defendant has a history of criminal behavior.

(B) The defendant has outstanding warrants in City Court ... and Marion County ..., and was recently released from probation in Superior Court 3.

(C) The defendant is in need of correctional or rehabilitative treatment that is best provided by a penal facility.

(D) Imposition of a reduced or suspended sentence would depreciate the [s]eriousness of the offense.

(E) There is a strong probability that the defendant will commit another offense.

The court now sentences the defendant ... to the Indiana Department of Correction[ ] for six (6) years.

Dyer now appeals her sentence.

### Discussion and Decision

#### I.  Treatment in lieu of sentencing

Dyer argues that because the prosecuting attorney "agreed not to object" to her petition for treatment, the State (and, ostensibly, the trial court) should be bound by that agreement.  Although Dyer admits in her brief to this Court that she "apparently did not know she was on probation," Dyer asserts that the State—through its entities the prosecutor's office, or the DMH, or both—should have known that she was on probation before agreeing not to object to the petition for treatment.

■ Dyer's argument, however, seems to arise from a fundamental misunderstanding about the nature of the acquiescence of the prosecutor in Dyer's wish to pursue treatment in lieu of sentencing.  First, the understanding reached between the parties—that Dyer would request treatment in lieu of prosecution and that the prosecutor would not object—never reached the level of a plea agreement.  No plea agreement may be made by the prosecuting attorney to a court on a felony charge except in writing.  IND. CODE § 35–35–3–3(a).  The only "writings" regarding Dyer's plea were a "Request for Treatment in Lieu of Prosecution," and its twin "Request for Treatment in Lieu of Sentencing," identical pleadings save for the title.  The prosecuting attorney did not figure in or contribute to these writings at all; they are signed by Dyer and contain allegations subsequently found to be inaccurate, such as "[n]o other criminal proceedings alleging the commission of a felony are pending against this defendant," and "[t]he defendant believes that if convicted of the ... felony with which she is now charged, she would qualify for release on probation in lieu of an executed sentence."  The writings are just what their titles imply: requests from a defendant.  They are not binding on the court, even after the court—relying on information which subsequently proved to be false—agrees to order an evaluation of the defendant as the defendant has requested.

■ If an individual requests to undergo treatment or is certified for treatment, IND. CODE § 12–23–8–3 provides that "the trial court *may* order an examination by the DMH to determine whether the individual is a drug abuser or an alcoholic and is likely to be rehabilitated through treatment."  (Emphasis added.)  *An individual may not be placed under supervision unless the DMH accepts the individual for treatment.*  IND. CODE § 12–23–8–10 (emphasis added).  Recognizing the special evaluation and treatment capabilities of the DMH and the importance of placing into the DMH program only those defendants who will benefit therefrom, our legislature has placed total discretion in the DMH. *Bess v. State,* 657 N.E.2d 185, 186 (Ind.Ct.App.1995), citing *Weatherley v. State,* 593 N.E.2d 1239, 1241 (Ind.Ct.App.1992).  If the DMH submits a report denying a defendant admission to its program, a judge may not unilaterally override that decision and force the DMH to accept her. *Id.* The trial court may deny a request for treatment in lieu of sentencing when, after conducting a presentence investigation, the court finds that the defendant would not qualify under the criteria of the court to be released on probation.  IND.CODE § 12–23–8–4.  Finally,

IND.CODE § 12–23–6–1 provides in pertinent part:

> A drug abuser or an alcoholic charged with or convicted of a felony may request treatment under the supervision of the division and *upon the consent of the authorities concerned* as set forth in this chapter instead of prosecution or imprisonment, *unless any of the following conditions exist:*
>
> . . .
>
> (4) Other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant.
>
> (Emphases added.)

Dyer has presented no authority to contradict the foregoing statutory provisions, or to support the proposition that they do not apply in her case. First, under IND.CODE § 12–23–8–10, the DMH had discretion as to whether to accept her for treatment. Second, the trial court followed the proper procedure by ordering a presentence investigation. As a result of that presentence investigation, the court learned that Dyer had two outstanding warrants pending against her, contrary to what she had averred in her "Request for Treatment in Lieu of Sentencing." Under IND.CODE § 12–23–6–1(4), these outstanding charges rendered her ineligible to request treatment in lieu of sentencing. Moreover, as a result of that investigation, the court learned that Dyer had been convicted of a class D felony on January 25, 1995, and that she had been sentenced to supervised probation for three (3) years to be followed by electronic home detention for six (6) months. Thus, under IND.CODE § 35–50–2–2(b)(2) [7], the trial court was required to sentence Dyer to at least the two-year minimum sentence for the class C felony to which she had pled. Under IND.CODE § 12–23–8–4, the trial court was well within its discretion—indeed, it had virtually no choice but—to deny Dyer's request for treatment upon ascertaining that she did not qualify to be released on probation.

Because Dyer did not disclose to the prosecuting attorney or trial court the facts leading to her ineligibility that were later revealed by the presentence investigation, she cannot now be heard to complain that the State somehow "reneged" on its agreement not to oppose her request for treatment. The record reveals that the trial court asked Dyer at her guilty-plea hearing whether she or anybody else had "received any promises or been given anything of value to get you to enter a plea of guilty, outside of the fact that the State had indicated that [if] you ple[ ]d guilty to Count 1 they intended to dismiss the rest of the counts," and that she responded, "No." The prosecuting attorney did not promise Dyer (and *could not have promised,* under IND.CODE § 12–23–8–10) that the DMH would accept her for treatment in lieu of sentencing. The trial court did not abuse its discretion in denying Dyer's request for treatment in lieu of sentencing.

## II. Manifestly unreasonable sentence

■ We note at the outset that it is within the discretion of the trial court to determine the sentence to be imposed upon a defendant, and such a determination will be reversed only upon a showing of manifest abuse of that discretion. *Ector v. State,* 639 N.E.2d 1014, 1015 (Ind.1994).

■ Dyer argues that "the Court improperly used aggravating circumstances and abused its discretion by increasing the defendant's sentence because the Court felt that the risk of the defendant committing another crime was high." This particular argument regarding sentencing has no merit. IND. CODE § 35–38–1–7.1 provides in relevant part that "[i]n determining what sentence to impose for a crime, the court *shall* consider . . .

---

7. IND.CODE § 35–50–2–2(b)(2) provides:
   With respect to the crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence:
   . . .
   (2) The crime committed was a class C felony and less than seven (7) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class C felony for which the person is being sentenced.

(1) the risk that the person will commit another crime; (2) the nature and circumstances of the crime committed; [and] (3) the person's ... prior criminal record ...." (Emphasis added.) After a lengthy review and recitation of Dyer's inarguably lengthy record, the trial court stated, "So, is there a risk that she will commit another crime, 'you bet.' That would probably be one of the safest bets that anyone in this courtroom could make." Dyer cannot show that the trial court erred by following the statutory mandate to consider the risk that she would commit another crime.

 Dyer also argues that the court erred in using as an aggravating factor the consideration that the imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime. A trial court may consider as an aggravating factor the possibility that a reduced sentence might depreciate the seriousness of the crime. IND. CODE § 35-38-1-7.1; *Mitchem v. State*, 685 N.E.2d 671, 679 (Ind.1997). The trial court may only employ this aggravator when considering a reduction of the sentence to a term below the presumptive. *Mitchem*, 685 N.E.2d at 679. However, "[w]hen the record indicates that the trial judge engaged in the evaluative processes but simply did not sufficiently articulate his reasons for enhancing the sentence and the record indicates that the sentence imposed was not manifestly unreasonable, then the purposes underlying the specificity requirement have been satisfied." *Id.*, quoting *Adkins v. State*, 532 N.E.2d 6, 9 (Ind.1989). In the instant case, the trial court discussed the fact that neither probation combined with treatment, nor "countermeasures" had worked for Dyer in the past.[8] As we have noted, there were also other appropriate sentencing considerations and aggravating factors applied by the court, such as Dyer's criminal record and the high likelihood that she would commit another crime. *See Scheckel v. State*, 620 N.E.2d

681, 684 (Ind.1993) ("[d]espite a trial court's use of an improper aggravating circumstance to enhance a sentence, this Court will affirm [the sentence] if the other aggravating circumstances are adequate to support the sentence imposed.") Accordingly, the sentence was not manifestly unreasonable.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

RUCKER and BAKER, JJ., concur.

---

8. We note in passing, as the issue was not raised by Dyer in her appeal, that the trial court arguably improperly applied as an aggravating factor that Dyer is "in need of correctional or rehabilitative treatment that is best provided by a penal facility." *See Adkins v. State*, 703 N.E.2d 182, 187 (Ind.Ct.App.1998) ("[a] 'perfunctory recitation' of statutory factors does not provide adequate review of the appropriateness of an enhanced sentence."). However, as discussed above, there were other aggravators sufficient to support the enhancement of Dyer's sentence.