Defendant-appellant, Brian Prichard, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for a new trial. For the following reasons, we affirm the judgment of the trial court.
Prichard was convicted of murder following a jury trial conducted in November 1994. This court affirmed the conviction, and the Supreme Court of Ohio declined to review the case.[1] A full recitation of the facts is contained in this court's opinion of February 7, 1996.
In June 1998, Prichard filed a motion for a new trial based upon newly discovered evidence and prosecutorial misconduct. In support of his motion, Prichard submitted the affidavits of three witnesses who had testified for the prosecution at trial. In the affidavits, the witnesses recanted their trial testimony and averred that Prichard was not involved in the murder. Prichard also submitted material purporting to show that members of the prosecutor's office had suborned perjury, had manufactured evidence, and had improperly influenced the trial court. Following oral argument, the trial court denied the motion for a new trial.
In his first assignment of error, Prichard argues that the trial court erred in overruling the motion for new trial based upon the allegedly perjured testimony of the state's witnesses. To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, the defendant must show that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such that it could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[2] The decision to grant or deny a motion for a new trial will not be reversed absent an abuse of discretion.[3] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable.[4]
In the case at bar, we find no abuse of discretion. We first note that the evidence proffered by Prichard merely impeaches or contradicts the trial testimony of the witnesses. Whereas the witnesses testified at trial that Prichard was an accomplice in the murder, they state in their affidavits that Prichard was not aware that the shooting would take place and did not knowingly participate in the crime. In arguing that the affidavits are more credible than the trial testimony, Prichard emphasizes that the affiants have put themselves in jeopardy of being charged with perjury or other offenses by recanting. Even were we to accept that proposition, which we decline to do, the fact remains that the statements in the affidavits fail to meet the sixth prong of the Petro test.
Moreover, we are not convinced that the asserted evidence discloses a strong possibility that it would change the result if a new trial were granted. First, Prichard was able to produce the affidavits of only three of the four eyewitnesses who testified at trial and directly implicated him in the offense.[5]
Thus, contrary to Prichard's suggestion, the trial testimony of the eyewitnesses would not be wholly undermined by the newly asserted evidence. More importantly, though, Prichard's own statement to police, which was admitted at trial, was tantamount to a complete confession of his involvement in the crime. The statements of the affiants, especially those statements concerning Prichard's lack of knowledge concerning the offense, would certainly carry little weight in the face of Prichard's acknowledgement of his knowing participation. Under these circumstances, we cannot say that the trial court's denial of the motion for a new trial was unreasonable, arbitrary, or unconscionable. Accordingly, the first assignment of error is overruled.
In the second assignment of error, Prichard contends that the trial court erred in denying the motion for a new trial on the basis of prosecutorial misconduct. Once again, we find no abuse of discretion in the trial court's decision.
The first category of prosecutorial misconduct cited by Prichard is the alleged subornation of perjury on the part of the assistant prosecuting attorneys who tried Prichard's case. In support of the allegations, Prichard offered only the affidavits of the three witnesses who recanted their testimony. Based upon our review of the affidavits, we conclude that the trial court could have properly accorded them little weight. First, as observed by the state, the affidavits themselves are internally inconsistent. Though the affiants intermittently imply that the prosecutors coerced them to give false testimony, they contradict that assertion at various points by emphasizing that they did not in fact commit perjury. Rather, they contend that the questions asked by the prosecutors were misleading and caused them to unwittingly implicate Prichard in the offense. In light of these inconsistencies in the affidavits and in light of the statement made by Prichard to the police that he had knowingly participated in the murder, the trial court properly refused to grant a new trial on the basis of the affidavits offered in support of the motion.
Moreover, the trial court was presented with the affidavits of the assistant prosecuting attorneys in question, who denied any improprieties with respect to the testimony of the affiants. It was within the discretion of the trial court to give greater weight to the attorneys' affidavits than it gave to the witnesses for Prichard, and we can perceive no abuse of that discretion.
The other category of prosecutorial misconduct cited by Prichard is the alleged "manufacture" of evidence by the state. Specifically, Prichard contends that although a rap music tape was played to the jury[6] and a drawing of a "Tech 9" gun was shown to the jury, neither the tape nor a "Tech 9" gun was shown to be in the possession of Prichard or his accomplices at the time of the shooting. He contends that the lack of foundation for the evidence indicates that the items were "manufactured" by the state to improperly gain a conviction.[7] Once again, we are not persuaded.
Although Prichard phrases the alleged error in terms of prosecutorial misconduct, the gravamen of his argument is that the evidence was not properly authenticated. This contention should have been raised in the appeal that was filed following the conviction in 1994, and Prichard's failure to do so has resulted in the waiver of that issue.[8] In any event, the trial court did not abuse its discretion in refusing to infer prosecutorial misconduct from an alleged evidentiary deficiency in a trial that had occurred approximately five years before the filing of the motion for a new trial. We therefore overrule Prichard's second assignment of error.
In the third and final assignment of error, Prichard claims that the trial court erred in failing to conduct an evidentiary hearing on the motion for a new trial, in not allowing Prichard to be present during oral argument on the motion, in denying the motion for appointment of a special prosecutor, and in denying the motion for disclosure of the trial court's relationship to the prosecutor's office. We find no merit in any of these arguments.
It is within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrant an evidentiary hearing.[9] In the instant case, we find no abuse of discretion in the trial court's denial of a hearing. Though Prichard suggests that the live testimony of the affiants would have been more persuasive than their affidavits, we are not convinced. Given the inconsistencies in the affidavits themselves and the strength of the evidence adduced against Prichard in the 1994 trial, it does not appear likely that the live testimony of the affiants would have been so persuasive as to change the trial court's ruling on the motion for a new trial. Similarly, we reject Prichard's contention that an evidentiary hearing on the issue of prosecutorial misconduct would have brought to light facts requiring the granting of the motion. The allegations of misconduct were based upon the suspect affidavits of the recanting witnesses, and it was within the discretion of the trial court to conclude that the affidavits did not give rise to a colorable claim of misconduct.[10] For these reasons, the trial court's denial of an evidentiary hearing cannot be deemed arbitrary, unreasonable, or unconscionable.
We also reject Prichard's claim that the trial court erred in not permitting him to be present at the oral argument on the motion for a new trial. Although Crim.R. 43 requires the defendant to be present at "every stage of the trial," it has been held that proceedings held in conjunction with a motion for a new trial do not constitute a stage of a trial.[11] Accordingly, we find no error in the manner in which the trial court conducted the proceedings.
Finally, the trial court did not err in denying Prichard's motion for appointment of a special prosecutor and motion for disclosure of the trial court's relationship to the prosecutor's office. As this court has previously held, there is no statutory authority for a trial court to disqualify the prosecutor from a case and appoint a special prosecutor.[12] Similarly, Ohio law does not require a trial court to disclose to counsel its relationship to a party or attorney in a case over which it presides. The proper avenue for redress when a party believes the trial court to be biased is the filing of an affidavit of bias and prejudice with the Supreme Court of Ohio.[13] Because Prichard did not follow the statutorily prescribed procedure for challenging the court's impartiality, we find no error in the trial court's denial of the requested relief. The third assignment of error is therefore overruled, and the judgment of the court of common pleas is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Prichard (Feb. 7, 1996), Hamilton App. No. C-941011, unreported, jurisdictional motion overruled (1996),76 Ohio St.3d 1420, 667 N.E.2d 74.
[2] State v. Tolbert (Dec. 12, 1997), Hamilton App. No. C-960944, unreported, jurisdictional motion overruled (1998), 81 Ohio St.3d 1496,691 N.E.2d 1058, citing State v. Petro (1947), 148 Ohio St. 505,76 N.E.2d 370. See, also, Crim.R. 33(A)(6).
[3] State v. Filiaggi (1999), 86 Ohio St.3d 230, 714 N.E.2d 230.
[4] State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
[5] In all, the state offered the testimony of more than twenty witnesses.
[6] It was apparently the state's contention at trial that Prichard had played a certain rap song on the car stereo to encourage the gunman to commit the murder.
[7] Prichard also cites the statements in the affidavits in support of the motion indicating that the affiants' trial testimony was manipulated by the assistant prosecuting attorneys to imply that the tape and the gun were involved in the offense. However, as we noted above, it was within the trial court's discretion to disbelieve the statements contained in the affidavit.
[8] See State v. White (Oct. 17, 1991), Clark App. No. 2787, unreported.
[9] State v. Hill (1992), 64 Ohio St.3d 313, 333, 595 N.E.2d 884,900; State v. Smith (1986), 30 Ohio App.3d 138, 139,506 N.E.2d 1205, 1207.
[10] We are also unpersuaded by Prichard's contention that misconduct could have been proven through the testimony of the assistant prosecutors. The attorneys' denial of wrongdoing in their affidavits indicates that they would have denied wrongdoing had an evidentiary hearing been conducted.
[11] See, e.g., State v. South (Nov. 5, 1987), Adams App. No. 446, unreported.
[12] See State v. McCree (June 30, 1982), Hamilton App. No. C-810512, unreported.
[13] R.C. 2701.03.